# Exhibit "A"

After recording please return to:
PEIRSONPATTERSON, LLP
ATTN: RECORDING DEPT.
13750 OMEGA ROAD
DALLAS, TX 75244-4505

Prepared by:

*[signature]*

Law Office of Adam W. Scheinbach
Adam Scheinbach
2500 Johnson Avenue, Suite 8J
Bronx, New York 10463
917-406-9846
PEIRSONPATTERSON, LLP
WILLIAM H. PEIRSON
13750 OMEGA ROAD
DALLAS, TX 75244-4505
800-899-9027

―――――――――――――――――――[Space Above This Line For Recording Data]

# NEW JERSEY ASSIGNMENT OF MORTGAGE

For Value Received, **JPMorgan Chase Bank, National Association**, the undersigned holder of a Mortgage (herein "Assignor") does hereby grant, sell, assign, transfer and convey, unto **FEDERAL NATIONAL MORTGAGE ASSOCIATION, ITS SUCCESSORS OR ASSIGNS**, (herein "Assignee"), whose address is **14221 Dallas Parkway, Suite 1000, Dallas, TX   75254**, a certain Mortgage dated **September 28, 2007** and recorded on **October 10, 2007**, made and executed by **FRANK MEDINA AND TARYN MEDINA**, to and in favor of **JPMORGAN CHASE BANK N.A.**, upon the following described property situated in **BERGEN** County, State of New Jersey:
Property Address: **191 NIMITZ RD, PARAMUS, NJ 07652**

See exhibit "A" attached hereto and made a part hereof.

such Mortgage having been given to secure of U.S. **Four Hundred Seventeen Thousand  and 00/100ths ($417,000.00)**, which Mortgage is of record in Book, Volume, or Liber No. 17019, at Page(s) 763 (or as No. 112750.01), in the Office of the Register of Deeds and Mortgages of **BERGEN** County, State of New Jersey.

TO HAVE AND TO HOLD, the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

New Jersey Assignment of Mortgage

Contact Federal National Mortgage Association for this instrument c/o Seterus, Inc., 14523 SW Millikan Way, #200, Beaverton, OR 97005, telephone #1-866-570-5277, which is responsible for receiving payments.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on 3-29-16.

Assignor:
JPMorgan Chase Bank, National Association

By: _____
Jenny Burrell

Its: Vice President

**ACKNOWLEDGMENT**

State of **Louisiana**       §
                             §
Parish of **Ouachita**       §

On this 29 day of Mar. 2016, before me appeared Jenny Burrell, to me personally known, who, being by me duly sworn (or affirmed) did say that he/she is the _____Vice President_____, of JPMorgan Chase Bank, National Association, and that the seal affixed to said instrument is the corporate seal of said entity and that the instrument was signed and sealed on behalf of the said entity by authority of its board of directors and that Jenny Burrell acknowledged the instrument to be the free act and deed of the said entity.

Signature of Officer

Katrina Marie Johnson   68375
Printed Name

Notary
Title of Officer

(Seal)              My Commission Expires: Lifetime

New Jersey Assignment of Mortgage

# EXHIBIT A

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Paramus, County of Bergen State of New Jersey:

Being part of Lot 1-F-2 in Block 3401 on a certain Map entitled "Subdivision Plat Mary Maniscalco, Borough of Paramus, Bergen County, New Jersey" Filed August 8, 1963 as Map No. 6049, and additional property to the north, being more particularly described as follows:

Beginning at a point in the northerly line of Nimitz Road (55.00 feet wide) where the same is intersected by the division line of lands now or formerly of Mary Maniscalco on the west and lands now or formerly of a subdivision plat entitled "Cottage Park", filed in the Bergen County Clerk's Office as Map No. 4741 on the east, which point of Beginning is also distant 600.10 feet westerly from a point of curvature connecting the northerly line of Nimitz Road to the westerly line of Harrison Street, and from thence running;

1. On a curve to the left having a radius of 50.00 feet, an arc distance of 75.00 feet, northerly and northwesterly to a point; thence

2. North 12 degrees 53 minutes 30 seconds East 24.25 feet to a point in the division line of lands now or formerly of Mary Maniscalco on the south and lands now or formerly of Paul and Cornelia Gullo on the north; thence

3. North 59 degrees 10 minutes 50 seconds West and along said division line, 203.00 feet to a point; thence

4. North 28 degrees 19 minutes 10 seconds East and parallel to the aforementioned division line between lands now or formerly of Mary Maniscalco and lands of "Cottage Park" aforementioned, 100 feet to a point in the northerly corner of lands conveyed by Hopper to Gullo as described in Deed Book 2473 Page 14; thence

5. South 59 degrees 10 minutes 50 seconds East and along said northerly line, 275 feet to a point in the aforementioned westerly line of Map No. 4741; thence

6. South 28 degrees 19 minutes 10 seconds West and along said westerly line of Map No. 4741 139.20 feet to the point or place of beginning.

1

# ORIG1NAL

#4
12ρ
/53

Recording Requested By/Return To:
JPMORGAN CHASE BANK, N.A.
CHASE RECORDS CENTER
RE: COLLATERAL TRAILING
DOCUMENTS
PO BOX 8000
MONROE, LA 71203

This Instrument Prepared By:

**Ashley Griffiths**
Vice President
JPMORGAN CHASE BANK, N.A.
3415 VISION DRIVE
COLUMBUS, OHIO 43219-6009
Signature:

15-014633    Release
V Bk: 01875 Pg: 1190-1202    Rec. Fee $153.00
John S. Hogan, Bergen County Clerk
Recorded 03/03/2015    02:31:51 PM

———— [Space Above This Line For Recording Data] ————

## HOME AFFORDABLE MODIFICATION AGREEMENT

ORIGINAL MORTGAGE AMOUNT: $417,000.00

Borrower ("I"):[1]  FRANK MEDINA AKA FRANKLIN MEDINA AND TARYN MEDINA, HIS WIFE
Lender or Servicer ("Lender"):  JPMORGAN CHASE BANK, NA whose address is CHASE, 780 KANSAS, FLOOR 2, MONROE, LOUISIANA 71203-4774
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):
SEPTEMBER 28, 2007
Loan Number:
Property Address ("Property"):  191 NIMITZ RD, PARAMUS, NEW JERSEY 07652
LEGAL DESCRIPTION:

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   ver. 12_18_2014_11_00_18   OP362/Form 3157  3/09 (rev. 7/12)(CHF rev. 07/12)

(page 1 of 12 pages)

OK
LS

THE LAND REFERRED TO IS SITUATED IN THE COUNTY OF BERGEN, BOROUGH OF PARAMUS AND STATE OF NEW JERSEY, DESCRIBED AS FOLLOWS: BEING THE SAME LAND DESCRIBED IN A SURVEY MADE BY DMC ASSOCIATES, INC., ROBERT L. CIGOL, P.L.S., DATED SEPTEMBER 14, 2007, REVISED SEPTEMBER 17, 2007 AS FOLLOWS: BEGINNING AT A POINT ON THE NORTHEASTERLY R.O.W. LINE OF NIMITZ ROAD, A 55 MINUTES WIDE R.O.W., SAID POINT BEING MARKED BY A FOUND MONUMENT, SAID POINT ALSO BEING LOCATED 601.118 FEET FROM A FOUND MONUMENT MARKING A POINT OF CURVATURE LEADING TO THE NORTHWESTERLY R.O.W. LINE OF HARRISON STREET AND RUNNING THENCE, 1. ALONG THE NORTHERLY R.O.W. LINE OF NIMITZ ROAD ON A CURVE TO THE LEFT, SAID CURVE HAVING A RADIUS OF 50.00 FEET, HAVING A CENTRAL ANGLE OF 85 DEGREES 57 MINUTES 20 SECONDS, FOR AN ARE LENGTH OF 75.00 FEET TO A POINT; THENCE; 2. LEAVING THE NORTHERLY R.O.W. LINE OF NIMITZ ROAD AND ALONG THE COMMON LINE BETWEEN LOT 6 AND LOT 2 IN BLOCK 4504 AS SHOWN ON THE CURRENT ASSESSMENT MAP NORTH 12 DEGREES 53 MINUTES 30 SECONDS EAST FOR A DISTANCE OF 24.25 FEET TO A POINT; THENCE 3. ALONG THE COMMON LINE BETWEEN LOTS 6, 5 AND LOT 2 IN BLOCK 4504 AS SHOWN ON THE CURRENT ASSESSMENT MAP NORTH 59 DEGREES 10 MINUTES 50 SECONDS WEST FOR A DISTANCE OF 203.00 FEET TO A POINT; THENCE 4. ALONG THE COMMON LINE BETWEEN LOT 3 AND LOT 2 IN BLOCK 4504 AS SHOWN ON THE CURRENT ASSESSMENT MAP NORTH 28 DEGREES 19 MINUTES 10 SECONDS EAST FOR A DISTANCE OF 100.00 FEET TO A POINT; THENCE 5. ALONG THE COMMON LINE BETWEEN LOT 1 AND LOT 2 IN BLOCK 4504 AS SHOWN ON THE CURRENT ASSESSMENT MAP SOUTH 59 DEGREES 10 MINUTES 50 SECONDS EAST FOR A DISTANCE OF 275.00 FEET TO A POINT; THENCE 6. ALONG THE COMMON LINE BETWEEN LOTS 1 AND LOT 14 IN BLOCK 4508 AND LOT 2 IN BLOCK 4504 AS SHOWN ON THE CURRENT MAP SOUTH 28 DEGREES 19 MINUTES 10 SECONDS WEST FOR A DISTANCE OF 139.20 FEET TO THE POINT AND PLACE OF BEGINNING HEREIN DESCRIBED. PARCEL ID: BLOCK-4504 LOT-2

REFERENCE NUMBERS OF DOCUMENTS MODIFIED:
RECORDED OCTOBER 10, 2007 BOOK 17019 PAGE 0763 INSTRUMENT NO. 112750.01

Tax Parcel No: BLOCK-4504 LOT-2

If my representations and covenants in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.      **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac   UNIFORM INSTRUMENT   ver. 12_18_2014_11_00_18   OP362/Form 3157  3/09 (rev. 7/12)(CHF rev. 07/12)

(page 2 of 12 pages)

A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

B. The Property has not been condemned;

C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program ("Program"));

E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

G. I have made or will make all payments required under a trial period plan.

H. If I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **FEBRUARY 01, 2015** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac  UNIFORM INSTRUMENT   ver. 12_18_2014_11_00_18   OP362/Form 3157 3/09 (rev. 7/12)(CHF rev. 07/12)

(page 3 of 12 pages)

under a trial period plan, this modification will not take effect. The first modified payment will be due on **FEBRUARY 01, 2015**.

A. The Maturity Date will be: **JANUARY 01, 2055**.

B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be **$535,333.42** (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. **$149,100.00** of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$386,233.42**. Interest at the rate of **2.000%** will begin to accrue on the Interest Bearing Principal Balance as of **JANUARY 01, 2015** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **FEBRUARY 01, 2015**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins on | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.000% | 01/01/2015 | $1,169.61 | $985.40 May adjust periodically | $2,155.01 May adjust periodically | 02/01/2015 | 60 |
| 6 | 3.000% | 01/01/2020 | $1,358.82 | May adjust periodically | May adjust periodically | 02/01/2020 | 12 |
| 7-40 | 3.875% | 01/01/2021 | $1,532.80 | May adjust periodically | May adjust periodically | 02/01/2021 | 408 |

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac  UNIFORM INSTRUMENT   ver. 12_18_2014_11_00_18   OP362/Form 3157  3/09 (rev. 7/12)(CHF rev. 07/12)

(page 4 of 12 pages)

&ast;The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step, or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.

G. If I make a partial prepayment of Principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

4. **Additional Agreements.** I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

**JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac   UNIFORM INSTRUMENT    ver. 12_18_2014_11_00_18    OP362/Form 3157  3/09 (rev. 7/12)(CHF rev. 07/12)**

C. To comply, except to the extent that they are modified by this Agreement or by the United States Bankruptcy Code, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. That, if I am in bankruptcy upon execution of this document, I will cooperate fully with Lender in obtaining any required bankruptcy court and trustee approvals in accordance with local court rules and procedures. I understand that if such approvals are not received, then the terms of this Agreement will be null and void. If this Agreement becomes null and void, the terms of the original Loan Documents shall continue in full force and effect and such terms shall not be modified by this Agreement.

E. Intentionally Deleted.

F. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms.

G. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement or by the United States Bankruptcy Code, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

H. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

I. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   ver. 12_18_2014_11_00_18   OP362/Form 3157 3/09 (rev. 7/12)(CHF rev. 07/12)

(page 6 of 12 pages)

J. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

K. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

L. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective document, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

M. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, 1-888-679-MERS (1-888-679-6377). In cases where the loan has been registered with MERS, who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

N. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac  UNIFORM INSTRUMENT    ver. 12_18_2014_11_00_18    OP362/Form 3157  3/09 (rev. 7/12)(CHF rev. 07/12)

(7 of 12 pages)

O. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.O. shall be referred to as "Documents."  I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

P. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

Q. If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

(SIGNATURES CONTINUE ON FOLLOWING PAGES)

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac   UNIFORM INSTRUMENT    ver. 12_18_2014_11_00_18    OP362/Form 3157  3/09 (rev. 7/12)(CHF rev. 07/12)

(page 8 of 12 pages)

**TO BE SIGNED BY BORROWER ONLY**

BORROWER SIGNATURE PAGE TO HOME AFFORDABLE MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, NA And FRANK MEDINA AKA FRANKLIN MEDINA AND TARYN MEDINA, HIS WIFE, LOAN NUMBER 1101887173 WITH A MODIFICATION EFFECTIVE DATE OF February 01, 2015

In Witness Whereof, the Borrower(s) have executed this agreement.

The undersigned hereby acknowledge that the signatures below include the Borrowers on the Loan, and those of any non-borrower co-owner(s) of the Property, or a non-borrower spouse or domestic partner of a Borrower with rights of dower/curtesy/homestead and/or community property under applicable law. Such additional persons are signing solely to evidence their agreement that all of their right, title and interest in the Property is subject and subordinate to the terms and conditions of this Agreement and the Loan Documents.

_AKA Franklin Medina_ Date: 2,10,15
FRANK MEDINA AKA FRANKLIN MEDINA

_Taryn_ Date: 2,10,15
TARYN MEDINA

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    ver. 12_18_2014_11_00_18    OP362/Form 3157  3/09 (rev. 7/12)(CHF rev. 07/12)

(page 9 of 12 pages)

## CERTIFICATE OF ACKNOWLEDGMENT

State of **NEW JERSEY**     )
County of ___BERGEN___     )
                            )

On the __10TH__ day of __FEB.__, __2015__ before me, a Notary Public of the State and County aforesaid personally appeared **FRANK MEDINA AKA FRANKLIN MEDINA and TARYN MEDINA**, who I am satisfied is/are the Person(s) named in and who executed the within instrument; and he/she/they signed, sealed and delivered the same as his/her/their act and deed for the uses and purposes therein expressed.

(SEAL)

AWAISE MAHMOOD
Notary Public
State of New Jersey
My Commission Expires Sep 27, 2016

Notary Public

My Commission expires: __SEP 27, 2016__

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    ver. 12_18_2014_11_00_18    OP362/Form 3157  3/09 (rev. 7/12)(CHF rev. 07/12)

(page 10 of 12 pages)

**TO BE SIGNED BY LENDER ONLY**

LENDER SIGNATURE PAGE TO HOME AFFORDABLE MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, NA And FRANK MEDINA AKA FRANKLIN MEDINA AND TARYN MEDINA, HIS WIFE, LOAN NUMBER 1101887173 WITH A MODIFICATION EFFECTIVE DATE OF February 01, 2015

In Witness Whereof, the Lender has executed this Agreement.

Lender

**JPMORGAN CHASE BANK, NA**

By: _[signature]_

Printed Name: Keiyada McCreight
Vice President

Date: 7/19/15

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac  UNIFORM INSTRUMENT   ver. 12_18_2014_11_00_18   OP362/Form 3157  3/09 (rev. 7/12)(CHF rev. 07/12)

(page 11 of 12 pages)

State of MICHIGAN
County of OAKLAND    SS.:

I CERTIFY that on __2-19-15__, __Keiyada McCreight__
personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the attached instrument;
(b) was authorized to and did execute this instrument as Vice President of JPMORGAN CHASE BANK, NA, a national banking association the entity named in this instrument; and,
(c) executed this instrument as the act of the entity named in this instrument.

_____
Name and Title
Printed Name: **SHANON PRITCHARD**
**NOTARY PUBLIC**

(SEAL)
My Commission expires: __2-20-2020__

```
SHANON PRITCHARD
NOTARY PUBLIC – STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires 2/20/2020
Acting in the County of __Oakland__
```

**JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac   UNIFORM INSTRUMENT    ver. 12_18_2014_11_00_18    OP362/Form 3157  3/09 (rev. 7/12)(CHF rev. 07/12)**

*(page 12 of 12 pages)*