NOTICE OF OBJECTION TO DISCLOSURE STATEMENT

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION has filed papers with the Court to object to the Confirmation of the Chapter 11 Plan.

**<u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to object to the Confirmation of the Chapter 11 Plan, or if you want the Court to consider your views on the Objection, then on or before October 8, 2019, you or your attorney must:

File with the Court an answer, explaining your position at:
**Clerk**
**U.S. Bankruptcy Court**
**50 Walnut Street, 3rd Floor**
**Newark, NJ 07102**

If you mail your response to the Court for filing, you must mail it early enough so that the Court will *receive* it on or before the date stated above.

You must also mail a copy to:

PHELAN HALLINAN DIAMOND & JONES, PC
1617 JFK BOULEVARD, SUITE 1400
PHILADELPHIA, PA 19103

U.S. TRUSTEE
US DEPT OF JUSTICE
OFFICE OF THE US TRUSTEE
ONE NEWARK CENTER STE 2100
NEWARK, NJ 07102

Attend the hearing scheduled to be held on October 15, 2019 in the NEWARK Bankruptcy Court, at the following address:
**U.S. Bankruptcy Court**
**50 Walnut Street, 3rd Floor**
**Newark, NJ 07102**

If you or your attorney do not make these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an Order granting that relief.

Date: November 4, 2019

<u>/s/ Sherri J. Smith</u>
Sherri J. Smith, Esq.
Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
Tel: 856-813-5500 Ext. 47923
Fax: 856-813-5501
Email: Sherri.Smith@phelanhallinan.com

**File No. 830565**
Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard
Philadelphia, PA 19103
856-813-5500
FAX Number 856-813-5501
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

| | |
|---|---|
| In Re:<br><br>     FRANKLIN MEDINA<br><br><br><br>Debtor | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br>Chapter 11<br><br>Case No. 18-11629 - RG<br><br>Hearing Date: November 19, 2019 |

The undersigned, Phelan Hallinan Diamond & Jones, PC, attorneys for Secured Creditor, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, the holder of a Mortgage on debtor residence located at 212 214 65TH STREET, WEST NEW YORK, NJ 07093 hereby objects to the debtor's proposed Chapter 11 Disclosure Statement on the following grounds:

     1.     On June 5, 2018, Movant filed Proof of Claim listing pre-petition arrears in the amount of $14,990.93. A copy of the Proof of Claim is attached hereto as Exhibit "A" and made a part hereof.

     2.     Debtor's Plan fails to cure the delinquency pursuant to 11 U.S.C. §1123 *et. seq.*

     3.     Debtor's Plan provides for curing of both pre-petition and post-petition arrears in the amount of $32,782.69 over 60 months.

     4.     Movant objects as the inclusion of the post-petition arrears has not been agreed to by Movant.

     5.     Movant objects to the default language as it should be amended to reflect Movant's full rights under the loan documents if the Debtor defaults under the terms of the Chapter 11 Plan.  This includes *inter alia*, initiating foreclosure action without seeking relief from the automatic stay pursuant to 11 U.S.C. § 362 *et seq.* or Bankruptcy Court approval.

     WHEREFORE, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION respectfully requests that the Disclosure Statement of the Debtor be denied.

                       /s/ Sherri J. Smith
                       Sherri J. Smith, Esq.
                       Phelan Hallinan Diamond & Jones, PC
                       1617 JFK Boulevard, Suite 1400
                       Philadelphia, PA 19103
                       Tel: 856-813-5500 Ext. 47923
                       Fax: 856-813-5501
                       Email: Sherri.Smith@phelanhallinan.com

Dated: November 4, 2019

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

830565
Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
856-813-5500
Attorneys for JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION

| In Re: | Case No:  18-11629 - RG |
|---|---|
| FRANKLIN MEDINA | Hearing Date: October 15, 2019 |
| | Judge:  ROSEMARY GAMBARDELLA |
| | Chapter:  11 |

## CERTIFICATION OF SERVICE

1.    I, Joseph J. Parisi:

☐ represent the _____ in the above-captioned matter.

☒ am the secretary/paralegal for Phelan Hallinan Diamond & Jones, PC, who represents JPMORGAN CHASE BANK, NATIONAL ASSOCIATION in the above captioned matter.

☐ am the _____ in the above case and am representing myself.

2.    On November 4, 2019 I sent a copy of the following pleadings and/or documents to the parties listed below:

Objection to Plan

3.    I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated:  November 4, 2019                    /s/  *Joseph J. Parisi*
                                                            Joseph J. Parisi

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| FRANKLIN MEDINA<br>P.O. BOX 1502<br>PARAMUS, NJ 07653 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| CARLOS D MARTINEZ, ESQUIRE<br>1599 HAMBURG TPK<br>WAYNE, NJ 07470 | Debtor's Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| SCURA, WIGFIELD, HEYER,<br>STEVENS & CAMMAROTA, LLP<br>1599 HAMBURG TPK<br>WAYNE, NJ 07470 | Debtor's Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| DAVID L. STEVENS, ESQUIRE<br>1599 HAMBURG TPK<br>WAYNE, NJ 07470 | Debtor's Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____ |

2

| | | (as authorized by the court *) |
|---|---|---|
| U.S. TRUSTEE<br>US DEPT OF JUSTICE<br>OFFICE OF THE US TRUSTEE<br>ONE NEWARK CENTER STE 2100<br>NEWARK, NJ 07102 | Trustee | ☐ Hand-delivered<br><br>☐ Regular Mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☒ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |

\* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

# Exhibit "A"

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** | |
| Scura, Wigfield, Heyer, Stevens & Cammarota, LLP 1599 Hamburg Turnpike Wayne, New Jersey 07470 Telephone: 973-696-8391 Email: dstevens@scura.com David L. Stevens *Counsel for Franklin Medina* | |
| In re:<br><br>**FRANKLIN MEDINA,**<br><br>Debtor. | Case No. 18-11629<br><br>Chapter 11<br><br>Hon. Judge: Rosemary Gambardella |

### DISCLOSURE STATEMENT PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE DESCRIBING THE REORGANIZATION CHAPTER 11 PLAN PROPOSED BY THE DEBTOR

PLEASE READ THIS DISCLOSURE STATEMENT CAREFULLY. THIS DISCLOSURE STATEMENT CONTAINS INFORMATION THAT MAY BEAR UPON YOUR DECISION TO ACCEPT OR REJECT THIS ORIGINAL PLAN OF REORGANIZATION.  THE PLAN PROPONENT BELIEVES THAT THIS PLAN OF REORGANIZATION IS IN THE BEST INTEREST OF THE CREDITORS AND THAT THE PLAN IS FAIR AND EQUITABLE.  THE PROPONENT URGES THAT THE VOTER ACCEPT THE PLAN.

**PROPONENT:**

/s/ Franklin Medina
Franklin Medina
Chapter 11 Debtor

Dated: September 16, 2019

# **TABLE OF CONTENTS**

INTRODUCTION……………………………………………………………………….....    1

I.      BACKGROUND OF THE DEBTOR…………………………………………….    6
1.1     Filing of the Debtor's Chapter 11 Case……………………………………….....    6
1.2     Nature of the Debtor's Employment…………………………………………….    6
1.3     Debtor's Assets………………………………………………………………….    6
1.4     Debtor's Liabilities…………………………………………………………….......    6
1.5     Current and Historical Conditions…………………………………………….    6
1.6     Events Leading to the Filing of the Bankruptcy Case…………………………    6
1.7     Significant Events During the Bankruptcy Case……………………………...............    7
1.8     Projected Recovery of Avoidable Transfers…………………………………….....    7
1.9     Procedures Implemented to Resolve Financial Problems…………………………….....    7

II.     SUMMARY OF THE PLAN OF REORGANIZATION……………………………...    7
2.1     Unclassified Claims…………..…..…………………………………………...    8
        A.      Administrative Expenses………..…..…………………………………….    8
        B.      Priority Tax Claims……………..…..……….........................................    10
2.2     Classes of Claims………………..…..…………………..………………........    11
2.3     Means for Implementation of the Plan…………………………………..............    20
2.4     Post Confirmation Management…………………………………………………    20
2.5     Disbursing Agent…………………………………………………………...........    20
2.6     Other Provisions of the Plan………..…..………………………………...........    20
2.7     Tax Consequences of Plan………………..…..……………………….............    21
2.8     Risk Factor/Mitigating Factors………………..…..……………………….....    22

III.    CONFIRMATION REQUIREMENTS AND PROCEDURES……………………........    22
3.1     Who May Vote or Object        …………………………………………………    23
3.2     Liquidation Analysis………………………………………………………………    25
3.3     Feasibility………..……………………………………………………………    26

IV.     EFFECT OF CONFIRMATION OF PLAN……………………………………...    26
4.1     Discharge………………..……………………………………………………    26
4.2     Revesting of Property in the Debtor…………………………………………… ……    26
4.3     Modification of Plan……………..……………………………………………    26
4.4     Post-Confirmation Dismissal…………..………..……………..........................................    27

V.      ATTACHMENTS………………………………………………………………    27

VI.     FREQUENTLY ASKED QUESTIONS……………………………………………....    27

VII.    DEFINITIONS………………..……………………………………………….....    29

## <u>INTRODUCTION</u>

Franklin Medina (the "Debtor") is the debtor in the captioned Chapter 11 bankruptcy case. On January 26, 2018, the Debtor commenced a bankruptcy case by filing a voluntary bankruptcy petition under Title 11, Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). Chapter 11 of the Bankruptcy Code allows the Debtor, and under some circumstances, creditors and other parties in interest, to propose a Chapter 11 Plan of Reorganization (the "Plan"). The Plan may provide for the Debtor to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both. The Debtor is the party proposing the Plan, sent to you, in the same envelope as this document. THE DOCUMENT YOU ARE READING IS THE DISCLOSURE STATEMENT FOR THE PLAN. THE PLAN IS ANNEXED HERETO AS **<u>EXHIBIT "A"</u>**.

This is a reorganization plan. In other words, the Proponent seeks to accomplish payments under the Plan by continuing to generate employment income by the Debtor and his non-filing spouse. The Effective Date of the proposed Plan is thirty days after entry of the order confirming the Plan unless the Plan or confirmation order provides otherwise[1].

### A.  Purpose of This Document

This Disclosure Statement summarizes what is in the Plan and tells you certain information relating to the Plan and the process the Court follows in determining whether or not to confirm the Plan.

---

[1] D.N.J. LBR 3020-1. Chapter 11 Plan Effective Date

1

## READ THIS DISCLOSURE STATEMENT CAREFULLY IF YOU WANT TO KNOW ABOUT:

1)    **WHO CAN VOTE OR OBJECT,**

2)    **THE PROPOSED TREATMENT OF YOUR CLAIM (i.e., what your claim will receive if the Plan is confirmed), AND HOW THIS TREATMENT COMPARES TO WHAT YOU WOULD RECEIVE IN LIQUIDATION,**

3)    **THE HISTORY OF THE DEBTOR AND SIGNIFICANT EVENTS DURING THE BANKRUPTCY,**

4)    **WHAT THE COURT WILL CONSIDER WHEN DECIDING WHETHER TO CONFIRM THE PLAN,**

5)    **THE EFFECT OF CONFIRMATION, AND**

6)    **THE FEASIBILITY OF THE PLAN.**

This Disclosure Statement cannot tell you everything about your rights. You should consider consulting your own lawyer to obtain more specific advice on how this Plan will affect you and what is the best course of action for you.

Be sure to read the Plan as well as the Disclosure Statement. If there are any inconsistencies between the Plan and the Disclosure Statement, the Plan provisions will govern.

Code Section 1125 requires a Disclosure Statement to contain "adequate information" concerning the Plan. The term "adequate information" is defined in Code Section 1125(a) as "information of a kind, and in sufficient detail," about a debtor and its operations "that would enable a hypothetical reasonable investor typical of holders of claims or interests" of the debtor

2

to make an informed judgment about accepting or rejecting the Plan.  The Bankruptcy Court (the "Court") has determined that the information contained in this Disclosure Statement is adequate, and it has approved this document in accordance with Code Section 1124.

This Disclosure Statement is provided to each creditor whose claim has been scheduled by the Debtor or who has filed a proof of claim against the Debtor and to each interest holder of record as of the date of approval of this Disclosure Statement.  Under the Bankruptcy Code, your acceptance of the Plan may not be solicited unless you receive a copy of this Disclosure Statement prior to or concurrently with such solicitation.

## B.  Confirmation Procedures

<u>Persons Potentially Eligible to Vote on the Plan</u>

In determining acceptance of the Plan, votes will only be counted if submitted by a creditor whose claim is duly scheduled by the Debtor as undisputed, non-contingent and unliquidated, or who, prior to the hearing on confirmation of the Plan, has filed with the Court a proof of claim which has not been disallowed or suspended prior to computation of the votes on the Plan.  All shareholders of record as of the date of approval of this Disclosure Statement may vote on the Plan.  The Ballot Form that you received does not constitute a proof of claim.  If you are uncertain whether your claim has been correctly scheduled, you should check the Debtor's petition schedules, which are on file at the office of the Clerk of the Bankruptcy Court located at: United States Bankruptcy Court, U.S. Court House, 50 Walnut Street, 3rd Floor, Newark, NJ 07102.  The Clerk of the Bankruptcy Court will not provide this information by telephone.

**THE COURT HAS NOT YET CONFIRMED THE PLAN DESCRIBED IN THIS DISCLOSURE STATEMENT. AS A RESULT, THE TERMS OF THE PLAN ARE NOT**

**YET BINDING ON ANYONE.  HOWEVER, IF THE COURT LATER CONFIRMS THE PLAN, THEN THE PLAN WILL BE BINDING ON THE DEBTOR AND ON ALL CREDITORS AND INTEREST HOLDERS IN THIS CASE.**

    **1.  Time and Place of the Confirmation Hearing**

The hearing at which the Court will determine whether to confirm the Plan will take place on _____, at ____ {A.M./P.M.}, in the Courtroom of the Honorable Christine M. Gravelle, United States Bankruptcy Court, 402 E. State Street, Trenton, New Jersey 08608.

    **2.  Deadline For Voting For or Against the Plan**

If you are entitled to vote, it is in your best interest to timely vote on the enclosed ballot and return the ballot in the enclosed envelope to Attn: Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, c/o David L. Stevens, 1599 Hamburg Turnpike, Wayne, NJ 07470 (Counsel for the Debtor).

Your ballot must be received by _____, 2019 at 5:00 p.m.. E.S.T. or it will not be counted.

    **3.  Deadline For Objecting to the Confirmation of the Plan**

Objections to the confirmation of the Plan must be filed with the Court and served upon Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, c/o David L. Stevens, 1599 Hamburg Turnpike, Wayne, NJ 07470 (Counsel for the Debtor) by _____**, 2019 at 5:00 p.m.**.

    **4.  Identity of Person to Contact for More Information Regarding the Plan**

Any interested party, desiring further information about the Plan, should contact Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, c/o David L. Stevens, 1599 Hamburg Turnpike, Wayne, NJ 07470 (Counsel for the Debtor).

### C. Disclaimer

The financial data relied upon in formulating the Plan is based on the Debtor's books and records.  The information contained in this Disclosure Statement is provided by the Debtor. The Plan Proponent represents that everything stated in the Disclosure Statement is true to the Proponent's best knowledge.

**PLEASE NOTE THAT THE APPROVAL OF THIS DISCLOSURE STATEMENT BY THE BANKRUPTCY COURT DOES NOT CONSTITUTE A RULING ON THE MERITS, FEASIBILITY OR DESIRABILITY OF THE PLAN.**

# ARTICLE 1
# BACKGROUND OF THE DEBTOR.

### 1.1    Filing of the Debtor's Chapter 11 Case.

On January 26, 2018, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code. This Chapter 11 case is pending in the United States Bankruptcy Court for the District of New Jersey.

### 1.2    Nature of the Debtor's Employment.

The Debtor is a wage earner that has been employed by Everyday Health Media, LLC., for the last year. He is presently in the position of Search Optimization Manager.  The Debtor's non-filing spouse sells products on a part-time basis for an online multi-product corporation. Neither the Debtor's nor his non-filing spouse expect a change in employment or a decrease in income during the life of the Plan.

### 1.3    Debtor's Assets.

The Debtor's real and personal property, including the determination of values, are identified on the Debtor's Schedules A and B of the petition and are attached hereto as **Exhibit "B"**.

### 1.4    Debtor's Liabilities

Debtor's Liabilities are evidenced by Debtor's Schedules D, E, and F of the petition and are attached hereto as **Exhibit "C"**.

### 1.5    Current and Historical Financial Conditions.

Monthly operating reports reflect the Debtor income and expenses during the pendency of this case.  Projected income and expenses is illustrated in the five-year cash flow projection annexed hereto as **Exhibit "E".**

### 1.6    Events Leading to the Filing of the Bankruptcy Case.

The Debtor's case was commenced in order to stay a Sheriff's Sale scheduled on his primary residence and two of his other investment real properties. Prior to the commencement of this case the Internal Revenue Service ("IRS") placed a lien against all real and personal property and was seeking to garnish the Debtor's wages. The case was filed to stay the foreclosure proceedings, allow him to participate in the Court's loss mitigation program in an effort to cure mortgage arrears, and confirm a plan to cure tax obligations.

6

**1.7    Significant Events During the Bankruptcy Case.**

1) On March 9, 2018, the Court entered an order granting Debtor's application to employ Scura, Wigfield, Heyer, Stevens & Cammarota, LLP as bankruptcy counsel (Docket Entry No. 26).
2) On March 28, 2018, the Office of the United States Trustee held the 341A Meeting of Creditors.
3) On March 28, 2018, the Court entered an Order Authorizing the Debtor to participate in the Court's Loss Mitigation Program concerning the real property located at 191 Nimitz Road, Paramus, New Jersey (Docket Entry No. 28).
4) On March 7, 2019, the mortgagee, through its servicer, SN Servicing Corporation, granted the Debtor a Trial Loan Modification as evidenced on the DMM Portal.
5) On March 12, 2019, our office, through the consent of the Debtor, formally accepted the Trial Loan Modification as evidenced on the DMM Portal.
6) On June 4, 2019, the Court entered an order granting relief from the automatic stay in favor of Wells Fargo and in relation to the property located at 522 4th Street, Union City, New Jersey.

**1.8    Projected Recovery of Avoidable Transfers**

The Debtor investigated possible preference actions against creditors who may have received payments within the 90-day period prior to the Petition Date. After investigation there were no prospective claims identified.

**1.9    Procedures Implemented to Resolve Financial Problems**

In an effort to remedy the problems that led to the bankruptcy filing, the Debtor intends to remain gainfully employed. At the outset of the case, the Debtor had difficulty finding permanent employment which created fluctuations in his and his non-filing spouse's income. The Debtor now has had a steady income and has obtained a trial loan modification.

**ARTICLE 2**
**SUMMARY OF THE PLAN OF REORGANIZATION.**

The Debtor's Plan must describe how its creditors will be paid. Certain claims are entitled to specific treatment under the Bankruptcy Code and are not placed in a class for purpose of payment. For example, Administrative Expenses are not classified.

As required by the Code, the Plan places claims in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims is impaired or unimpaired. A claim can be impaired if the Plan alters the legal, equitable, or contractual rights to which the holder of the claim is otherwise entitled. If the Plan is confirmed, each creditor's recovery is limited to the amount provided in the Plan.

Only creditors in classes that are impaired may vote on whether to accept or reject the Plan, and only creditors holding Allowed Claims may vote. A class accepts the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Plan. A class that is not impaired is deemed to accept the Plan.

All injunctions or stays provided for in the bankruptcy pursuant to §§ 105 and 362 of the Bankruptcy Code or otherwise and in effect on the Confirmation Date shall remain in full force and effect until the Effective Date, unless otherwise provided in the Plan.

### 2.1    Unclassified Claims.

Certain types of claims are automatically entitled to specific treatment under the Code. For example, Administrative Expenses and Priority Tax Claims are not classified. They are not considered to be impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan does not place the following Claims in any class:

### A.    Administrative Expenses

The Debtor must pay all Administrative Expenses in full. If an Administrative Expense is disputed, the Bankruptcy Court must determine the validity and amount of the Administrative Expense, or in other words, "allow" the Administrative Expense. Any Administrative Expense that is undisputed and is due and owing on the Confirmation Date must be paid on the Effective Date of the Plan, or upon such other terms as agreed upon by the Debtor and the Administrative Expense is allows by the Bankruptcy Court.

There are several types of Administrative Expenses, including the following:

1. If the Debtor receives goods or services in the ordinary course following his filing of the Chapter 11 Case, Creditors are entitled to be paid in full for the good or services provided. This debt incurred by the Debtor after Petition Date will be paid on an ongoing basis in accordance with the ordinary practices and terms between the Debtor and her Creditors.

2. If the Debtor received goods, in the ordinary course of business within 20 days before the Petition Date, the value of the goods received is an Administrative Expense.

The following chart lists the Debtor's estimated Administrative Expenses (excluding fees and expenses owed to professionals retained by the Debtor during the course of his bankruptcy proceedings), and their proposed treatment under the Plan:

8

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses arising in the ordinary course of business after the Petition Date | $0.00 | Paid in full on the Effective Date, or according to the terms of the obligation, if later. |
| The value of goods received in the ordinary course of business within 20 days before the Petition Date | $0.00 | Paid in full on the Effective Date, or according to the terms of the obligation, if later. |
| Clerk's Office fees | $0.00 | Paid in full on the Effective Date |
| The North Hudson Sewerage Authority ("NHSA"). holds an administrative claim for post-petition sewerage services in the amount of $1,589.53. This claim is secured by the real property located at 212-214 65th Street, West New York, New Jersey (the "65th Street Property"). | $1,589.53 | Paid in full on the Effective Date. |
| United States Trustee Fees[2] | $650.00 | Paid in full on the Effective Date. |
| **TOTAL** | $2,239.53 | |

3.      Administrative Expenses also include any post-petition fees and expenses allowed to professionals, including attorneys and accountants employed upon Bankruptcy Court authority to render services to the Debtor during the course of the Chapter 11 cases. These fees and expenses must be noticed to Creditors and approved by the Bankruptcy Court prior to payment

The following chart lists the Debtor's estimated fees and expenses owed to professionals, and their proposed treatment under the Plan:

| Name/Role of Professional | Estimated Amount Owed | Proposed Treatment |
|---|---|---|

---

[2]      All fees required to be paid by 28 U.S.C. § 1930(a)(6) ("United States Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any United States Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date

9

| Scura, Wigfield, Heyer, Stevens & Cammarota, LLP 1599 Hamburg Turnpike Wayne, NJ 07470 | $40,000.00 | Paid in full on the Effective Date, or according to the terms of a separate written agreement. |
|---|---|---|
| **TOTAL** | $40,000.00 | |

### **Court Approval of Professional Compensation Required:**

Pursuant to the Bankruptcy Code, the Court must rule on all professional compensation and expenses listed in this chart before the compensation and expenses will be owed. The professional in question must file and serve a properly noticed fee application for compensation and reimbursement of expenses and the Court must rule on the application. Only the amount of compensation and reimbursement of expenses allowed by the Court will be owed and required to be paid under this Plan as an administrative claim.

Each professional person who asserts a further administrative claim that accrues before the confirmation date shall file with the Court, and serve on all parties required to receive notice, an application for compensation and reimbursement of expenses no later than thirty (30) days after the Effective Date of the Plan. Failure to file such an application timely shall result in the professional person's claim being forever barred and discharged. Each and every other person asserting an administrative claim shall be entitled to file a motion for allowance of the asserted administrative claim within ninety days of the Effective Date of the Plan, or such administrative claim shall be deemed forever barred and discharged. No motion or application is required to fix the fees payable to the Clerk's Office or Office of the United States Trustee. Such fees are determined by statute.

As indicated above, the Debtor will need to pay the administrative claims and fees on the Effective Date of the Plan unless a claimant has agreed to be paid later or the Court has not yet ruled on the claim.

### B.    Priority Tax Claims

Priority Tax Claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) Priority Tax Claim agrees otherwise, it must receive the present value of such Claim, in regular installments paid [with interest as determined by applicable non-bankruptcy law] over a period not exceeding 5 years from the order of relief.

| Name Of Government Entity with a Tax Claim | Amount Owed | Proposed Treatment |
|---|---|---|
| Internal Revenue Service | $1,340.40 | The holder of this claim shall be paid in the amount of its Allowed Priority Tax Claim including interest calculated at 5% interest per annum. The total amount to be paid under the plan is $1,478.49.<br><br>Commencing on the first day of the month following the Effective Date of the Plan and each month thereafter for a total of forty-eight (48) consecutive months commencing from the Effective Date, the Debtor shall make monthly payments to the holder as follows:<br><br>Year 1: $381.60 ($31.80 per month)<br>Year 2: $381.60 ($31.80 per month)<br>Year 3: $381.60 ($31.80 per month)<br>Year 4: $381.60 ($31.80 per month) |

### 2.2    Classes of Claims

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

A.    Classes of Secured Claims

Allowed Secured Claims are Claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured Claims under § 506 of the Code. If the value of the collateral or setoffs securing the Creditor's Claim is less than the amount of the Creditor's Allowed Claim, the deficiency will be classified as a general unsecured Claim; provided, however, that the Debtor may modify a claim secured by a security interest in real property that is his or her principle residence.

Secured Claims are subject to the following treatment:

**Collateral to be Surrendered:** The Debtor will surrender the collateral securing the Secured Creditor's Claim on the Effective Date of the Plan. The Confirmation Order shall constitute an order granting relief from the automatic stay permitting the Secured Creditor to possess and dispose of their collateral. Any secured claim is deemed satisfied in full through surrender of the collateral. Any deficiency claim is a general unsecured claim. A Class of secured claims receiving this treatment is not impaired and is not entitled to vote on confirmation of the Plan.

11

**Rights Unaltered:** The Debtor will leave unaltered the Secured Creditor's contractual, legal, and equitable rights with respect to its collateral. A Class of secured claims receiving this treatment is unimpaired and is not entitled to vote on confirmation of the Plan.

**Continue Regular Monthly Payment and Pay Arrears Over Time:** The Debtor will pay the entire amount due by making all post-confirmation regular monthly payments, and by paying all pre-confirmation arrears (including attorneys' fees and late charges) with interest. Secured Creditors in a Class receiving this treatment may not possess or dispose of their collateral so as long as the Debtor is not in material default in performing his obligations under that Plan. A Class of secured claims receiving this treatment is impaired and is entitled to vote on confirmation of the Plan.

**Pay Amount Due in Full Over Time:** The Debtor will pay the entire amount with due interest through equal monthly payments. Secured Creditors in a class receiving this treatment may not possess or dispose of their collateral so long as the Debtor is not in material default in performing his obligation under the Plan. A Class of secured claims receiving this treatment is impaired and is entitled to vote on confirmation of the Plan.

**Pay Value of Collateral Over Time:** The Debtor will pay the amount of the underlying debt that is equal to the value of the collateral. The Debtor will pay this amount with interest from the Effective Debt of the plan through equal monthly payments.

If a lienholder disputes the value of the collateral asserted by the debtor, such lienholder must timely file an objection to confirmation, or the value stated by the Debtor will be determined to be the value of the collateral. Such objection shall be accompanied by competent evidence of value, which need not include an appraisal. If the value of the collateral is disputed, the Bankruptcy Court, after consultation with the parties, will schedule a hearing for a determination of value of the collateral.

Secured Creditors in a Class receiving this treatment may not possess or dispose of their collateral so long as the director is not in material default in performing his obligations under the Plan. A Class of secured claims receiving this treatment is impaired and entitled to vote on confirmation of the plan.

1. **Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate. The following lists all classes of creditors containing the holders of the Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 1 | Class One consists of a Secured Claim held by the Selene Finance, L.P. ("Selene"), as Trustee for MTGLQ Investors, L.P. c/o Selene Finance, LP. This claim is secured by the real property located at 191 Nimitz Road, Paramus, New Jersey (the "Paramus Property"). This Creditor filed proof of claim No. 9 in the secured amount of $577,295.15 ($63,727.67 of which are pre-petition arrears). A post-petition reinstatement letter from bankruptcy counsel for Selene, also demonstrates that the Debtor has also incurred post-petition arrears in the amount of $8,585.67. The total amount of pre- and post-petition arrears equal $72,313.34 through August 2019. | Yes | Continue Regular Monthly Payment and Pay Arrears Over Time. This Class shall retain the liens it held as same existed immediately prior to the Petition Date.

Beginning on September 1, 2019, the Class One claim holder shall be paid according to the terms of the mortgage executed by the Debtor on February 10, 2015[3], with the exception of pre- and post-petition arrears which shall be paid as follows:

Commencing on the Effective Date of the Plan and each month thereafter for a total of sixty (60) consecutive months, the Debtor shall make monthly payments to the holder in an amount equal to one sixtieth (1/60) of the pre- and post-petition arrears. The amount of pre- and post-petition arrears equal to $72,313.34.

Except as expressly modified by the Plan, the loan documents between the holder and the Debtor are ratified and shall remain in full force and effect, but the holder shall have the right to request that the Debtor execute new loan documents consistent with the provisions of this Plan.

If the Debtor fails to make any payment called for under this Plan to the holder of a claim in this class, or fails to abide by any other term of this Plan applicable to the holder of a claim in this class, then the holder may declare that the Debtor is in default of the Plan. Once the Debtor is in default, notice of default shall be sent to Debtor and Debtor's counsel. Failure to declare a default does not constitute a waiver of the right to declare that the Debtor is in default. If the holder of a claim in this class declares the Debtor to be in default of its obligation under the Plan, and the Debtor fails to cure such default within fourteen (14) days thereof, then the entire liability, together with any unpaid current liabilities, shall become due and payable immediately. Upon notice of default and the failure to cure, as set forth above, the holder may collect any unpaid liabilities without the need for Bankruptcy Court approval. This shall include full reinstatement of collection powers and rights as they existed prior to the filing of the bankruptcy petition in this case, including but not limited to, the filing of the notice of liens, and the powers of levy, seizure, and the sale. |

---

[3] Mortgage Bk: 01875, Page: 1190-1202, Recorded on March 3, 2015 with the Bergen County Clerk's Office – Land Records Management Division. See also, Proof of Claim #9-3, page. 26.

13

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
|  |  |  |  |
| 2 | Class Two consists of a Secured Claim held by the Ditech Financial, LLC f/k/a Greet Tree Servicing, LLC. This Creditor filed proof of claim No. 6 in the secured amount of $250,081.91. This claim is secured by the real property located at 6609 Polk Street, West New York, New Jersey (the "Polk Street Property"). The property is occupied by the Debtor's mother who pays for the mortgage on the Polk Street Property. | No | Rights unaltered.<br><br>The Debtor shall continue to make the payments in accordance with the mortgage agreement between the Debtor and the Class Two claim holder. |
| 3 | Class Three consists of a Secured Claim held by JP Morgan Chase Bank, N.A. ("Chase"). This Creditor filed proof of claim No. 12 in the secured amount of $605,024.69 (the "Secured Amount"). The secured claim was secured by the real property located at 212-214 65th Street, West New York, New Jersey (the "65th Street Property"). The Secured Amount includes pre-petition arrears in the amount of $14,990.93. The Debtor has also incurred post-petition arrears in the amount of $17,791.76. The total amount of pre- and post-petition arrears owed by the Debtor equals $32,782.69 through July 2019. The Debtor began making post-petition payments to Chase beginning on August 2019 and has remained current since. | Yes | Continue Regular Monthly Payment and Pay Arrears Over Time. This Class shall retain the liens it held as same existed immediately prior to the Petition Date.<br><br>The Class Three claim holder shall be paid according to the originally contracted terms of the mortgage, with the exception of pre- and post-petition arrears which shall be paid as follows:<br><br>Commencing on the Effective Date of the Plan and each month thereafter for a total of sixty (60) consecutive months, the Debtor shall make monthly payments to the holder in an amount equal to one sixtieth (1/60) of the pre and post-petition arrears. The amount of pre and post-petition arrears equal to $32,782.69.<br><br>Except as expressly modified by the Plan, the loan documents between the holder and the Debtor are ratified and shall remain in full force and effect, but the holder shall have the right to request that the Debtor execute new loan documents consistent with the provisions of this Plan.<br><br>If the Debtor fails to make any payment called for under this Plan to the holder of a claim in this class, or fails to abide by any other term of this Plan applicable to the holder of a claim in this class, then the holder may declare that the Debtor is in default of the Plan. Once the Debtor is in default, notice of default shall be sent to |

14

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| | | | Debtor and Debtor's counsel. Failure to declare a default does not constitute a waiver of the right to declare that the Debtor is in default. If the holder of a claim in this class declares the Debtor to be in default of its obligation under the Plan, and the Debtor fails to cure such default within fourteen (14) days thereof, then the entire liability, together with any unpaid current liabilities, shall become due and payable immediately. Upon notice of default and the failure to cure, as set forth above, the holder may collect any unpaid liabilities without the need for Bankruptcy Court approval. This shall include full reinstatement of collection powers and rights as they existed prior to the filing of the bankruptcy petition in this case, including but not limited to, the filing of the notice of liens, and the powers of levy, seizure, and the sale. |
| 4 | Class Four consists of a Secured Claim held Mt. Laurel Township – Office of the Tax Collector. This creditor holds a secured claim in the amount of $30,922.4 for unpaid pre- and post- petition real property taxes from 2016 through the 3rd quarter of 2019. This claim is secured by a parcel of land located at 437 Hartford Rd., Mount Laurel, New Jersey ("437 Hartford"). | Yes | Continue Regular Monthly Payment and Pay Arrears Over Time. This Class shall retain the liens it held as same existed immediately prior to the Petition Date.

Beginning on the 4th quarter for 2019, the Debtor shall continue to maintain payments for real estate taxes owed on 437 Hartford with the exception of the pre- and post-petition real estate tax arrearages which shall be paid as follows:

Commencing on the Effective Date of the Plan and each month thereafter for a total of sixty (60) consecutive months, the Debtor shall make monthly payments to the holder in an amount equal to one sixtieth (1/60) of the pre and post-petition arrears at a 18% interest per annum. The amount of pre and post-petition arrears (including interest) equal to $45,777.63. |
| 5 | Class Five consists of a Secured Claim held by Nationstar Mortgage, LLC d/b/a Mr. Cooper and serviced by Wells Fargo Bank, N.A ("Wells Fargo"). This Creditor filed proof of claim No. 10 in the secured amount of $461,706.05. This claim is secured by the real property located at 522 4th Street, Union City, New Jersey (the "Fourth Street Property"). On June 4, 2019, the Court entered an | No | Collateral to be Surrendered.

The Debtor will surrender the collateral securing the Secured Creditor's Claim on the Effective Date of the Plan. The Confirmation Order shall constitute an order granting relief from the automatic stay permitting the Secured Creditor to possess and dispose of their collateral. Any secured claim is deemed satisfied in full through surrender of the collateral. Any deficiency claim is a general unsecured claim. |

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
|  | order granting relief from the automatic stay in favor of Wells Fargo and in relation to the Fourth Street Property. |  |  |
| 6 | Class Six consists of a Secured Claim held by Northumberland County Tax Claim Bureau. This creditor filed proof of claim No. 13 in the secured amount of $2,484.38 for unpaid real property taxes for the 2016-2017 tax years. This claim is secured by a parcel of land located at 132 Locust Street Milton ("132 Locust"), Borough Ward #2, State of Pennsylvania (parcel#:032-01-002-015). The Debtor has also incurred post-petition arrears in the amount of $1,305.84 through the 3rd quarter of 2019. The total amount of pre- and post- petition real estate tax arrears equal $3,790.22. | Yes | Continue Regular Monthly Payment and Pay Arrears Over Time. This Class shall retain the liens it held as same existed immediately prior to the Petition Date.<br><br>Beginning in the 4th quarter for 2019, the Debtor will continue to maintain the regular payments for real estate taxes on 132 Locust with the exception of the pre- and post- petition real estate tax arrearages which shall be paid as follows:<br><br>Commencing on the Effective Date of the Plan and each month thereafter for a total of sixty (60) consecutive months, the Debtor shall make monthly payments to the holder in an amount equal to one sixtieth (1/60) of the pre and post-petition arrears at a 9% interest per annum. The amount of pre and post-petition arrears (including interest) equal to $4,681.74. |
| 7 | Class Seven consists of a secured claim held by Ally Financial. This Creditor filed proof of claim No. 1 in the secured amount of $14,264.37 and an annual interest rate of 9.35%. The claim was secured by the 2012 Toyota Prius (VIN:JTDKN3DU6C5506660) On June 14, 2018, the Court entered an order granting Ally Financial relief from the automatic stay in order to repossess the 2012 Toyota Prius. | No | Collateral to be Surrendered.<br><br>The Debtor will surrender the collateral securing the Secured Creditor's Claim on the Effective Date of the Plan. The Confirmation Order shall constitute an order granting relief from the automatic stay permitting the Secured Creditor to possess and dispose of their collateral. Any secured claim is deemed satisfied in full through surrender of the collateral. Any deficiency claim is a general unsecured claim. |
| 8 | Class Eight consists of a secured claim held by Toyota Motor Credit Co. This Creditor filed proof of claim No. 5 in the secured amount of $13,726.64 and an annual interest rate of 9.54%. The | No | Collateral to be Surrendered.<br><br>The Debtor will surrender the collateral securing the Secured Creditor's Claim on the Effective Date of the Plan. The Confirmation Order shall constitute an order granting relief from the automatic stay permitting the Secured Creditor to possess and dispose of their |

16

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| | secured claim was secured by the 2011 Toyota Highlander (VIN:5TDBK3EH1BS046794) | | collateral. Any secured claim is deemed satisfied in full through surrender of the collateral. Any deficiency claim is a general unsecured claim. |
| 9 | Class Nine consists of a Secured Claim held by the Internal Revenue Service ("IRS"). This Creditor filed proof of claim No. 4 in the secured amount of $5,200.00 resulting from unpaid income taxes. This claim is secured by all of the Debtors' rights, title, and interests to personal and real property pursuant to Title 26 U.S.C. Sec. 6321. The Liquidation Analysis (Exhibit "F") illustrates that the IRS claim is fully secured by equity in the 132 Locust property. | Yes | Pay Amount Due in Full Over Time. This Class shall retain the liens it held as same existed immediately prior to the Petition Date.

Commencing on the Effective Date of the Plan and each month thereafter for a total of sixty (60) consecutive months, the Debtor shall make monthly payments to the holder in an amount equal to one sixtieth (1/60) of the secured amount owed at a 5% interest per annum. The amount to be paid through the Plan (including interest) totals $6,097.80.

If the Debtor fails to make any payment called for under this Plan to the holder of a claim in this class, or fails to abide by any other term of this Plan applicable to the holder of a claim in this class, then the holder may declare that the Debtor is in default of the Plan. Once the Debtor is in default, notice of default shall be sent to Debtor and Debtor's counsel. Failure to declare a default does not constitute a waiver of the right to declare that the Debtor is in default. If the holder of a claim in this class declares the Debtor to be in default of its obligation under the Plan, and the Debtor fails to cure such default within fourteen (14) days thereof, then the entire liability, together with any unpaid current liabilities, shall become due and payable immediately. Upon notice of default and the failure to cure, as set forth above, the holder may collect any unpaid liabilities without the need for Bankruptcy Court approval. This shall include full reinstatement of collection powers and rights as they existed prior to the filing of the bankruptcy petition in this case, including but not limited to, the filing of the notice of liens, and the powers of levy, seizure, and the sale. |
| 10 | Class Ten consists of a Secured Claim held by the State of New Jersey – Division of Taxation. This Creditor filed proof of claim No. 11 in the secured amount of $10,346.09 arising from a judgment entered against the Debtor on May 5, 2016 (DJ-075635-2016). | Yes | Pay Value of Collateral Over Time. This Class shall retain the liens it held as same existed immediately prior to the Petition Date

Commencing on the Effective Date of the Plan and each month thereafter for a total of sixty (60) consecutive months, the Debtor shall make monthly payments to the holder in an amount equal to one sixtieth (1/60) of the secured amount owed at a 5% interest per annum. The |

17

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| | The Liquidation Analysis (Exhibit "F") illustrates that the claim held by State of New Jersey – Division of Taxation is secured by equity in the 132 Locust property and personal property. | | amount to be paid through the Plan (including interest) totals $12,097.81. |
| | | | If the Debtor fails to make any payment called for under this Plan to the holder of a claim in this class, or fails to abide by any other term of this Plan applicable to the holder of a claim in this class, then the holder may declare that the Debtor is in default of the Plan. Once the Debtor is in default, notice of default shall be sent to Debtor and Debtor's counsel. Failure to declare a default does not constitute a waiver of the right to declare that the Debtor is in default. If the holder of a claim in this class declares the Debtor to be in default of its obligation under the Plan, and the Debtor fails to cure such default within fourteen (14) days thereof, then the entire liability, together with any unpaid current liabilities, shall become due and payable immediately. Upon notice of default and the failure to cure, as set forth above, the holder may collect any unpaid liabilities without the need for Bankruptcy Court approval. This shall include full reinstatement of collection powers and rights as they existed prior to the filing of the bankruptcy petition in this case, including but not limited to, the filing of the notice of liens, and the powers of levy, seizure, and the sale. |

## 2.     Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  These claims are to be treated as follows:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| | | | |

18

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 11 | Class Eleven are holders of General Unsecured Claims, including allowed deficiency claims of creditors in prior classes and the claims of creditors not otherwise classified under the Plan (the "Allowed Unsecured Claims"). The scheduled amount of undisputed general unsecured claims is $146,857.34. | Yes | As illustrated in the Liquidation Analysis (annexed as "Exhibit F" to this Plan), the general unsecured creditors would receive no less than the Debtor's equity in non-exempt property.<br><br>In accordance to the Debtor's Cash Flow Analysis (annexed as "Exhibit E" to this Plan) the Debtor has a projected Disposable income of $31,929.04 (as defined in Section 1325(b)(2) and 707(b)(2)(A) of the Bankruptcy Code), all of which will be paid to Allowed Unsecured Claims *pro rata* as follows:<br><br>Commencing on the first day of the first quarter following the Effective Date of the Plan and each quarter thereafter for a total of twenty (20) quarters , the Debtor shall make monthly payments to the Disbursing Agent in an amount equal to one-twelfth (1/4) of the annual projected disposable income of the Debtor (as defined in Section 1325(b)(2) and 707(b)(2)(A) of the Bankruptcy Code, and as projected in the Cash Flow Analysis) to undisputed, liquidated, non-contingent claims as scheduled or filed, subject to timely objection to the validity or extent of each claim (the "Allowed Unsecured Claims"). The funds so paid by the Debtor shall be paid to the holder of the Allowed Unsecured Claims on a *pro-rata* basis commencing five months from the Debtor's initial payment and quarterly thereafter for a total of twenty quarters. |

3.    **Class(es) of Interest Holders**

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners. If the Debtor is an individual, the Debtor is the interest holder. The following chart identifies the Plan's treatment of the class of interest holders:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| | | | |

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 12 | This Class consists of the ownership interest of the Debtor in his respective assets, which are not otherwise abandoned pursuant to the Plan. | No | The ownership interests of the Debtor in his assets shall not be altered as a consequence of the Plan. The Cash Flow Analysis, annexed as Exhibit "E", illustrates the amount of income received by the Debtor and his non-filing spouse, resulting disposable income, all of which is contributed to the funding of the Plan. Contributions from the non-filing spouse to support the household expenses for the duration of this Plan are considered new value in exchange for the Debtor's retention of ownership interest. |

### 2.3 Means of Effectuating the Plan.

The Plan will be funded from (i) funds on hand in the estate at the time of Confirmation; (ii) the non-debtor spouse's monthly income; and (iii) the Debtor's disposable monthly income as defined in 11 U.S.C. 1325(b)(2). The Cash Flow Analysis, annexed as Exhibit "E", illustrates the amount of income received from the Debtor and his non-filing spouse, all of which is contributed to the funding of the Plan.

### 2.4 Post Confirmation Management.

The Debtor will manage his own financial affairs.

### 2.5 Disbursing Agent.

The Debtor shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan.

### 2.6 Other Provisions of the Plan

### a.   Estimated Number and Amount of Claims Objections.

The Debtor may object to the amount or validity of any Claim within 60 days of the Confirmation Date by filing an objection with the Bankruptcy Court and serving a copy of the objection on the holder of the Claim. The Claim objected to will be treated as a Disputed Claim under the Plan. If, and when, a Disputed Claim is finally resolved by the allowance of the Claim in whole or in part, the Debtor will pay the Allowed Claim in accordance with the Plan.

The Debtor has reviewed all proofs of claims. Debtor does not object to any claim at this time but shall retain the right to dispute any proof of claim filed.

20

**b.  Treatment of Executory Contracts and Unexpired Leases.**

Executory Contracts are contracts where significant performance of the contract remains for both the Debtor and another party to the contract. The Debtor has the right to reject, assume (i.e. accept), or assume and assign these types of contracts to another party, subject to the Bankruptcy Court's approval. The paragraphs below explain the Debtor's intentions regarding his Executory Contracts (which include its unexpired leases) and the impact such intentions would have on other parties to the contracts.

All executory contracts and unexpired leases which have not already been either assumed or rejected by order of this Court or listed in this Plan will be conclusively deemed to have been rejected upon the entry of the order confirming the Plan.

**THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS FIXED BY D.N.J. LBR 3003-1(b).**  Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**c.  Retention of Jurisdiction**

The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by the Plan, and to make such orders as are necessary or appropriate to carry out the provisions of this Plan.

In addition, the Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code. If the Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Debtor or the reorganized debtor elect to bring an action or proceeding in any other forum, then this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

**2.7 Tax Consequences of Plan**

CREDITORS AND INTEREST HOLDERS CONCERNED WITH HOW THE PLAN MAY AFFECT THEIR TAX LIABILITY SHOULD CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS, AND/OR ADVISORS.

The following disclosure of possible tax consequences is intended solely for the purpose of alerting readers to possible tax issues this Plan may present to the Debtor.  The Proponent CANNOT and DOES NOT represent that the tax consequences contained below are the only tax

21

consequences of the Plan because the Tax Code embodies many complicated rules which make it difficult to state completely and accurately all the tax implications of any action.

Generally speaking, a holder of a Claim which is subject to taxation in the United States (a "Taxpayer-Claimant") will realize income or loss for federal and state income tax purposes if its Claim is paid, unless such income or loss has previously been recognized, to the extent that such a payment would have created income or loss if paid by the Debtor outside the jurisdiction of the Bankruptcy Court.

A Taxpayer-Claimant which receives nothing or less than the full amount with respect to its Claim will realize a loss for federal and state income tax purposes to the extent that the Taxpayer-Claimant's tax basis in the Claim exceeds its recovery, except to the extent that a loss with respect to such Claim has previously been recognized.

There are complex issues which arise whenever debt is not paid in full, and only a limited summary of the rules can be given here. Taxpayer-Claimants should consult with their own tax advisors as to the impact of these rules on their particular situation.

**2.8**      **Risk Factor/Mitigating Factors**

This plan is subject to, but not necessarily limited to, the following risks:

a)   The Debtor will become unemployed before this plan has been consummated.
b)   The Debtor will die before this plan has been consummated.


# ARTICLE 3
# CONFIRMATION REQUIREMENTS AND PROCEDURES

PERSONS OR ENTITIES CONCERNED WITH CONFIRMATION OF THIS PLAN SHOULD CONSULT WITH THEIR OWN ATTORNEYS BECAUSE THE LAW ON CONFIRMING A PLAN OF REORGANIZATION IS VERY COMPLEX.  The following discussion is intended solely for the purpose of alerting readers about basic confirmation issues, which they may wish to consider, as well as certain deadlines for filing claims.  The proponent CANNOT and DOES NOT represent that the discussion contained below is a complete summary of the law on this topic.

Many requirements must be met before the Court can confirm a Plan.  Some of the requirements include that the Plan must be proposed in good faith, that creditors or interest holders have accepted the Plan, that the Plan pays creditors at least as much as creditors would receive in a Chapter 7 liquidation, and that the Plan is feasible.  These requirements are not the only requirements for confirmation.

**3.1**    <u>Who May Vote or Object</u>

    **i.**    **Who May Object to Confirmation of the Plan**

Any party in interest may object to the confirmation of the Plan, but as explained below not everyone is entitled to vote to accept or reject the Plan.

    **ii.**    **Who May Vote to Accept/Reject the Plan**

A creditor or interest holder has a right to vote for or against the Plan if that creditor or interest holder has a claim that is both (1) allowed or allowed for voting purposes and (2) classified in an impaired class.

     **a.**   **What Is an Allowed Claim/Interest**

As noted above, a creditor or interest holder must first have an <u>allowed claim or interest</u> to have the right to vote. Generally, any proof of claim or interest will be allowed, unless a party in interest brings a motion objecting to the claim. When an objection to a claim or interest is filed, the creditor or interest holder holding the claim or interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or interest for voting purposes.

THE BAR DATE FOR FILING A PROOF OF CLAIM IN THIS CASE IS: <u>**June 5, 2018 (except for governmental units).**</u>

A creditor or interest holder may have an allowed claim or interest even if a proof of claim or interest was not timely filed. A claim is deemed allowed if (1) it is scheduled on the Debtor's schedules and such claim is not scheduled as disputed, contingent, or unliquidated, and (2) no party in interest has objected to the claim. An interest is deemed allowed if it is scheduled and no party in interest has objected to the interest.

     **b.**   **What is an Impaired Claim/Interest**

As noted above, an allowed claim or interest only has the right to vote if it is in a class that is impaired under the Plan. A class is impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class. For example, a class comprised of general unsecured claims is impaired if the Plan fails to pay the members of that class 100% of their claim plus interest.

In this case, the Proponent believes that Classes One, Three, Four, Six, and Eight through Eleven are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan. The Proponent believes that Two, Five, Seven and Twelve are unimpaired and that holders of claims in each of these classes therefore do not have the right to vote to accept or reject the Plan. Parties who dispute the Proponent's characterization of their

claim or interest as being impaired or unimpaired may file an objection to the Plan contending that the Proponent has incorrectly characterized the class

### c.  Who is <u>Not</u> Entitled to Vote

The following four types of claims are <u>not</u> entitled to vote: (1) claims that have been disallowed; (2) claims in unimpaired classes; (3) claims entitled to priority pursuant to Code Section 507(a)(1), (a)(2), and (a)(8); and (4) claims in classes that do not receive or retain any value under the Plan.  Claims in unimpaired classes are not entitled to vote because such classes are deemed to have accepted the Plan.  Claims entitled to priority pursuant to Code Section 507(a)(1), (a)(2), and (a)(7) are not entitled to vote because such claims are not placed in classes and they are required to receive certain treatment specified by the Code.  Claims in classes that do not receive or retain any value under the Plan do not vote because such classes are deemed to have rejected the Plan.

EVEN IF YOUR CLAIM IS OF THE TYPE DESCRIBED ABOVE, YOU MAY STILL HAVE A RIGHT TO OBJECT TO THE CONFIRMATION OF THE PLAN.

### d.  Who Can Vote in More Than One Class

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim is entitled to accept or reject a Plan in both capacities by casting one ballot for the secured part of the claim and another ballot for the unsecured claim.

### e.  Votes Necessary to Confirm Plan

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cramdown" on non-accepting classes, as discussed later in Article (3.A.g.).

### f.  Votes Necessary for a Class to Accept the Plan

A class of claims is considered to have accepted the Plan when more than one-half (1/2) in number and at least two-thirds (b) in dollar amount of the allowed claims that actually voted, have voted in favor of the Plan. A class of interests is considered to have accepted the Plan when at least two-thirds (2/3) in amount of the allowed interest-holders of such class which actually voted, have voted to accept the Plan.

### g.  Treatment of Nonaccepting Classes

As noted above, even if all impaired classes do not accept the proposed Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner required by the Code.  The process by which nonaccepting classes are forced to be bound by the terms of

the Plan is commonly referred to as "cramdown".  The Code allows the Plan to be "crammed down" on nonaccepting classes of claims or interests if it meets all consensual requirements except the voting requirements of Section 1129(a)(8) and if the Plan does not "discriminate unfairly" and is "fair and equitable" toward each impaired class that has not voted to accept the Plan as referred to in 11 U.S.C. '1129(b) and applicable case law.

### h.  Request for Confirmation Despite Nonacceptance by Impaired Class(es)

The Proponent of this Plan asks the Court to confirm this Plan by cramdown on impaired classes if any of these classes do not vote to accept the Plan.

### 3.2    Liquidation Analysis

Another confirmation requirement is the "Best Interest Test", which requires a liquidation analysis. Under the Best Interest Test, if a claimant or interest holder is in an impaired class and that claimant or interest holder does not vote to accept the Plan, then that claimant or interest holder must receive or retain under the Plan property of a value not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

In a Chapter 7 case, the Debtor's assets are usually sold by a Chapter 7 trustee. Secured creditors are paid first from the sales proceeds of properties on which the secured creditor has a lien. Administrative claims are paid next. Next, unsecured creditors are paid from any remaining sales proceeds, according to their rights to priority. Unsecured creditors, with the same priority, share in proportion to the amount of their allowed claims. Finally, interest holders receive the balance that remains after all creditors are paid, if any.

In order for the Court to be able to confirm this Plan, the Court must find that all creditors and interest holders who do not accept the Plan will receive at least as much under the Plan as such holders would receive under a Chapter 7 liquidation. The Plan Proponent maintains that this requirement is met.

A "Liquidation Analysis" has been attached hereto as **Exhibit "F"**. The Liquidation Analysis attached demonstrates (in balance sheet format) that all creditors and interest holders will receive at least as much under the Plan as such creditor or interest holder would receive under a Chapter 7 liquidation.

### 3.3    Feasibility

Another requirement for confirmation involves the feasibility of the Plan, This means that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor, or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

There are at least two important aspects of a feasibility analysis. The first, considers whether the Debtor will have enough cash on hand on the Effective Date of the Plan to pay all the claims and expenses that are entitled to be paid on such date. The Debtor maintains that this aspect of feasibility is satisfied as illustrated in **Exhibit "D"** attached hereto.

The second, considers whether the Proponent will have enough cash over the life of the Plan to make the required Plan payments. Annexed hereto as **Exhibit "E"**, is the Debtor's Cash Flow Analysis. The Cash Flow Analysis demonstrates that the Debtor is able to pay financial obligations as they come due, including tax obligations. The Plan Proponent believes this requirement is fulfilled whereas the Debtor will have enough cash on hand on the Effective Date and during the life of the of the Plan to meet the feasibility requirements.

### ARTICLE 4
### EFFECT OF CONFIRMATION OF PLAN

### 4.1    Discharge

Confirmation of this Plan does not discharge any debt provided for in this Plan until the Bankruptcy Court grants a discharge on completion of all payments under this plan, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### 4.2    Revesting of Property in the Debtor

Except as provided in the Plan, the Confirmation of the Plan revests all of the property of the estate in the Debtor.

### 4.3    Modification of Plan

The Proponent may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan if Proponent modifies the plan before confirmation. The Proponent may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modification after notice and a hearing. Proponent further reserves the

26

right to modify the treatment of any Allowed Claims at any time after the Effective Date of the Plan upon the consent of the Creditor whose Allowed Claim treatment is being modified, so long as no other Creditors are materially adversely affected.

### 4.4    Post-Confirmation Conversion/Dismissal

A creditor or party in interest may bring a motion to convert or dismiss the case under Section 1112(b), after the Plan is confirmed, if there is a default in performance of the Plan or if cause exists under Section 1112(b). If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

Quarterly fees pursuant to 28 U.S.C. § 1930(a)(6) continue to be payable to the Office of the United States Trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to a final decree.

## ARTICLE 5
## ATTACHMENTS

The following documents accompany the Combined Plan and Disclosure Statement [check those applicable, and list any other attachments here]:

[x]    Debtor's Chapter 11 Plan of Reorganization, annexed as Exhibit A.
[x]    Debtor's Schedules A/B, annexed as Exhibit B.
[x]    Debtor's Schedules D, E, and F, annexed as Exhibit C.
[x]    Debtor's Cash on Hand on the Effective Date, annexed as Exhibit D.
[x]    Debtor's Cash Flow Analysis, annexed as Exhibit E.
[x]    Liquidation Analysis, annexed as Exhibit F.

## ARTICLE 6
## FREQUENTLY ASKED QUESTIONS

**What Is the Debtor Attempting to Do in Chapter 11?** Chapter 11 is the principal reorganization chapter of the Bankruptcy Code. Under Chapter 11, a debtor attempts to restructure the claims held against it. Formulation and confirmations of al plan however, a debtor may propose a liquidating plan under Chapter 11. The plan is legal document which sets forth the manner and the means by which holders of claims against a debtor will be treated.

**If the Plan of Reorganization Is the Document That Governs How a Claim Will Be Treated, Why Am I Receiving This Combined Plan and Disclosure Statement?** In order to confirm a plan of reorganization [or liquidation], the Bankruptcy Code requires that a debtor solicit acceptances of a proposed plan, which it is doing with this Combined Plan and Disclosure Statement. If the creditors are satisfied with the information provided in the Plan and the terms of the Plan as proposed, and have voted for the Plan and returned the requisite number of ballots to counsel for the Debtor, the Bankruptcy Court may confirm the Plan as proposed by the Debtor.

**How Do I determine Which Class I Am In?** To determine the class of your claim or interest, you must first determine whether your claim is secured or unsecured. Your claim is secured if you have a validly perfected security interest in collateral owned by the Debtor. If you do not have any collateral, your claim is unsecured. The Table of Contents will direct you to the treatment provided to the class in which you are grouped. The pertinent section of the Plan dealing with that class will explain, among other things, who is in that class, the size of the class, and what you will receive if the Plan is confirmed?   Section Two, Paragraph Two lists all classes of claimants and their types of claims.

**Why Is the Confirmation of a Plan of Reorganization Important?** Confirmation of the Plan is necessary because if the Plan is confirmed, the Debtor and all of his creditors are bound by the terms of the Plan. If the Plan is not confirmed, the Debtor may not pay creditors as proposed in the Plan while the Debtor remains in bankruptcy.

**What Is Necessary to confirm a Plan of Reorganization?** Confirmation of the Plan requires, among other things, votes in favor of the Plan amounting to two-thirds in total dollar amount and a majority in the amount of claims actually voting in each voting class. If the vote is insufficient, the Bankruptcy Court can still confirm the Plan, but only if certain additional elements regarding the ultimate fairness of the Plan the creditors are shown.

**Am I Entitled to Vote on the Plan?** Any creditor of the Debtor whose claim is IMPAIRED under the Plan is entitled to vote, if either (i) the creditor's claim has been scheduled by the Debtor and such claim is not scheduled as disputed, contingent, or unliquidated, or (ii) the creditor has filed a proof of claim on or before the late date set by the Bankruptcy Court for such filings. Any claim to which an objection has been filed (and such objection is still pending) is entitled to vote, unless the Bankruptcy Court temporarily allows the creditor to vote upon the creditor's motion. Such motion must be heard and determined by the Bankruptcy Court prior to the date established by the Bankruptcy Court to confirm the Plan.

**How Do I Determine Whether I am in an Impaired Class?** Section 2.2 of the Plan identifies the classes of creditors whose claims are impaired. If your claim is impaired, your vote will be considered by the Bankruptcy Court.

**When Is the Deadline by Which I need to Return My Ballot?** The Plan is being distributed to all claim holders for their review, consideration, and approval. The deadline by which ballots must be returned is (To be determined by the Court). Ballots should be mailed to the following address:

David L. Stevens, Esq.
Scura, Wigfield, Heyer & Stevens LLP
1599 Hamburg Turnpike
Wayne, New Jersey 07470

**How Do I Determine When and How Much I Will be Paid?** In Section 2.2, the Debtor has provided both written and financial summaries of what it anticipates each class of creditors will receive under the plan.

## ARTICLE 7
## DEFINITIONS

**7.1**    The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or constructed in the Code are used in this Plan. The definitions that follow, that are found in the Code, are for convenience of reference only, and are superseded by the definitions found in the code.

**7.2    Administrative Claimant:** Any person entitled to payment of an Administration Expense.

**7.3    Administrative Convenience Class:** A class consisting of every unsecured claim that is less than or reduced to an amount that the Bankruptcy Court approves as reasonable and necessary for administrative convenience.

**7.4    Administrative Expense:** Any cost or expense of administration of the Chapter 11case entitled to priority under Section 507(a)(2) of Code and allowed under section 503(b) of the Code, including without limitation, any actual necessary expenses of preserving the Debtor's estate, any actual and necessary expenses incurred following the filing of the bankruptcy petition by the Debtor-in-Possession, allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against the Debtor under Chapter 123, Title 28, United States Code.

**7.5    Administrative Tax Claim:** Any tax incurred pursuant to Section 503(b)(1)(B) of the Code

**7.6    Allowed Claim:** Any claim against the Debtor pursuant to Section 502 of the Code to the extent that: (a Proof of Claim was either timely filed or was filed late with leave of

29

the Bankruptcy Court or without objection by the Debtor, and (b) as to which either (i) a party interest, including the Debtor, does not timely file an objection or (ii) is allowed by a Final Order.

**7.7    Allowed Priority Tax Claim:** A Priority Tax Claim to the extent that it is or has become an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

**7.8    Allowed Secured Claim:** Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code.

**7.9    Allowed Unsecured Claim:** An Unsecured Claim to the extent it is, or has become, an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

**7.10    Bankruptcy Code or Code:** The Bankruptcy Reform Act of 1978, as amended and codified as Title 11, United States Code.

**7.11    Bankruptcy Court:** The United States Bankruptcy Court for the District of New Jersey.

**7.12    Bankruptcy Rules:** The Federal Rules of Bankruptcy Procedure.

**7.13    Cash:** Cash, cash equivalents and other readily marketable securities or instruments issued by a person other than the Debtor, including, without limitation, readily marketable direct obligations of the United States of America, certificates of deposit issued by banks and commercial paper of any entity, including interest accrued or earned thereon.

**7.14    Chapter 11 Case:** This case under chapter 11 of the Bankruptcy Code in which Franklin Medina is the Debtor-in-Possession.

**7.15    Claim:** Any "right to payment from the Debtor whether or not such a right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, unsecured; or any right to an equitable remedy for future performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, secured, or unsecured." 11 U.S.C. § 101(5).

**7.16    Class:** A category of holders of claims or interests which are substantially similar to the other claims or interests in such class.

30

**7.17    Committee:** Any Committee of Creditors appointed by the United States Trustee in the chapter 11 case pursuant to Section 1102 of the Bankruptcy Code.

**7.18    Confirmation:** The entry by the Bankruptcy Court of an order confirming this Plan and Disclosure Statement.

**7.19    Confirmation Date:** The Date upon which the Bankruptcy Court shall enter the Confirmation Order; provided however, that if on motion the Confirmation Order or consummation of the Plans is stayed pending appeal, then the Confirmation Date shall be the entry of the Final Order vacating such stay or the date on which such stay expires and is no longer in effect.

**7.20    Confirmation Hearing:** The hearing to be held on a date to be provided by the Court to consider confirmation of the Plan.

**7.21    Confirmation Order:** An order of the Bankruptcy Court or any amendment thereto confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

**7.22    Creditor:** Any person who has a Claim against the Debtor that arose on or before the Petition Date.

**7.23    Debtor** and **Debtor-in-Possession:** Franklin Medina is the Debtor and the Debtor-in-Possession in this Chapter 11 Case.

**7.24    Disclosure Statement:** The Disclosure Statement served by the Plan Proponent in connection with this Plan.

**7.25    Disputed Claim:** Any claim against the Debtor pursuant to Section 502 of the Code that the Debtor has in any way objected to, challenged or otherwise disputed.

**7.26    Distributions:** The property required by the plan to be distributed to the holders of Allowed Claims.

**7.27    Effective Date:** The Effective Date of the proposed Plan is thirty days after entry of the order confirming the Plan unless the Plan or confirmation order provides otherwise. See, D.N.J. LBR 3020-1.

**7.28    Executory Contracts:** All unexpired leases and executory contracts as described in Section 365 of the Bankruptcy Code.

**7.29    Final Order:** An order or judgment of the Bankruptcy Court that has not been reversed, stayed, modified, or amended and as to which (a) any appeal that has been taken has

31

been finally determined or dismissed, or (b) the time for appeal has expired and no notice of appeal has been filed.

**7.30    IRC:** The Internal Revenue Code.

**7.31    Petition Date:** January 26, 2018, the date the Chapter 11 petition for relief was filed.

**7.32    Plan** This Combined Plan and Disclosure Statement, either in its present form or as it may be altered, amended, or modified from time to time.

`    **7.33    Plan Proponent:**  The individual or entity that has filed this Combined Plan and Disclosure Statement.

**7.34    Priority Tax Claim:** Any Claim entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code.

**7.35    Reorganized Debtor:** The Debtor after the Effective Date.

**7.36    Schedules:** Schedules and Statement of financial Affairs, as amended, filed by the Debtor with the Bankruptcy Court listing liabilities and assets.

**7.37    Secured Creditor:** Any Creditor that holds a Claim that is secured by property of the Debtor.

**7.38    Unsecured Creditor:** Any Creditor that holds a Claim in the Chapter 11 case which is not a secured Claim.

Date: September 16, 2019                          /s/ Franklin Medina
                                                 Franklin Medina

# EXHIBIT A

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**FOR THE DISTRICT OF NEW JERSEY** | |
| Scura, Wigfield, Heyer,<br>Stevens & Cammarota, LLP<br>1599 Hamburg Turnpike<br>Wayne, New Jersey 07470<br>Telephone: 973-696-8391<br>David L. Stevens<br>dstevens@scura.com<br>*Counsel for Franklin Medina* | |

| | |
|---|---|
| In re:<br><br>**FRANKLIN MEDINA,**<br><br>               Debtor. | Case No. 18-11629<br><br>Chapter 11<br><br>Hon. Judge: Rosemary Gambardella |

## CHAPTER 11 PLAN OF REORGANIZATION

The debtor, Franklin Medina, respectfully submits his Plan of Reorganization pursuant to

Chapter 11, Title of the United States, in the form annexed hereto and made a part hereof.

/s/ Franklin Medina<br>Franklin Medina

Dated: September 16, 2019

**TABLE OF CONTENTS**

I.     INTRODUCTION .......................................................................................................... 1

II.    CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ........................... 1
    A.    General Overview ............................................................................ 1
    B.    Definitions ....................................................................................... 1
    C.    Unclassified Claims ........................................................................ 6
        1.    Administrative Expenses and Fees ......................................... 7
        2.    Priority Tax Claims ................................................................ 9
    D.    Classified Claims and Interests ...................................................... 9
        1.    Classes of Secured Claims ...................................................... 9
        2.    Priority Non-Tax Claims ....................................................... 15
        3.    Class(es) of General Unsecured Claims .................................. 15
        4.    Class(es) of Interest Holders ................................................ 16
    E.    Acceptance or Rejection of Plan .................................................. 17
    F.    Means of Effectuating the Plan .................................................... 17
        1.    Funding for the Plan ............................................................ 17
        2.    Post-Confirmation Management ........................................... 18
        3.    Disbursing Agent ................................................................. 18

III.   TREATMENT OF MISCELLANEOUS ITEMS ........................................................ 18
    A.    Executory Contracts and Unexpired Leases .................................. 18
        1.    Assumptions ........................................................................ 18
        2.    Rejections ............................................................................ 18
    B.    Changes in Rates Subject to Regulatory Commission Approval ...... 19
    C.    Retention of Jurisdiction .............................................................. 19
    D.    Procedures for Resolving Contested Claims .................................. 20
    E.    Notices under the Plan ................................................................. 20

IV.   EFFECT OF CONFIRMATION OF PLAN ............................................................. 20
    A.    Discharge ..................................................................................... 20
    B.    Revesting of Property in the Debtor .............................................. 21
    C.    Modification of Plan ..................................................................... 21
    D.    Post-Confirmation Conversion/Dismissal ..................................... 21
    E.    Post-Confirmation Quarterly Fees ................................................ 22
    F.    Closing the Case .......................................................................... 22

## I.  INTRODUCTION

Franklin Medina (the "Debtor") is the debtor herein in a Chapter 11 bankruptcy case.  On January 26, 2018, the Debtor commenced a bankruptcy case by filing a voluntary bankruptcy petition under Title 11, Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").  This document is the Chapter 11 plan ("Plan") proposed by the Debtor ("Proponent").  Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the United States Bankruptcy Court for the District of New Jersey (the "Court"), and which is provided to help you understand the Plan.

This is a reorganization plan.  In other words, the Proponent will make distributions to creditors over time from disposable income over a five year period.

## II.  CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### A.  General Overview

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code.  The Plan states whether each class of claims or interests is impaired or unimpaired.  The Plan provides the treatment each class will receive under the Plan. The Effective Date of the proposed Plan is thirty days after entry of the order confirming the Plan unless the Plan or confirmation order provides otherwise[1].

### B.  Definitions

**Scope of Definitions.**  For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this Section of the Plan.  In all references herein to any parties,

---

[1] D.N.J. LBR 3020-1. Chapter 11 Plan Effective Date

1

persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

1. **Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 case allowable under Section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expense of operating the business of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor in connection with the conduct of its business or for the acquisition or lease of property or the rendition of services to the Debtor, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of any Debtor under Chapter 11, Title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponent in connection with the proposal and confirmation of this Plan.

2. **Allowed** when used as an adjective preceding the words "Claims" or "Equity Interest", shall mean any Claim against or Equity Interests of the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim or Equity Interest against such Debtor, or, if no proof of claim or Equity Interest is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed with the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order. Unless otherwise specified in the Plan, "Allowed Claim" and "Allowed Equity Interest" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim or Equity Interest from and after the Petition Date.

3. **Allowed Administrative Expense** shall mean any Administrative Expense

2

allowed under Section 507(a)(1) of the Bankruptcy Code.

4.      **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or has become an Allowed Claim.

5.      **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in Title 11 of the United States Code.

6.      **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District of New Jersey having jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. Section 158, the unit of such District Court constituted pursuant to 28 U.S.C. Section 151.

7.      **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Section  2075 and also referred to as the Federal Rules of Bankruptcy Procedure.

8.      **Business Day** means and refers to any day except Saturday, Sunday, and any other days on which commercial banks in New Jersey are authorized by law to close.

9.      **Chapter 11 Case** shall mean a case under Chapter 11 of the Bankruptcy Code in which Franklin Medina is the Debtor.

10.     **Claim** shall mean any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  All claims as such term is defined in section 101(5) of the Bankruptcy Code.

11.     **Class** shall mean a grouping of substantially similar Claims or Equity Interests for common treatment thereof pursuant to the terms of this Plan.

3

12.    **Code** shall mean Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

13.    **Confirmation** shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

14.    **Confirmation Hearing** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan.

15.    **Confirmation Order** shall mean an Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

16.    **Creditor** shall mean any person that has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's estate of any kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code.  This includes all persons, corporations, partnerships, or business entities holding claims against the Debtor.

17.    **Debt** means, refers to and shall have the same meaning ascribed to it in Section 101(12) of the Code.

18.    **Debtor** shall mean Franklin Medina.

19.    **Disbursing Agent** shall mean the Debtor or any party appointed by and subject to Court approval, which shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims and Allowed Equity Interests pursuant to the provisions of the Plan and Confirmation Order.

20.    **Disclosure Statement** means and refers to the Disclosure Statement filed by the Debtor as required pursuant to Section 1125 et seq. of the Bankruptcy Code.

21.    **Effective Date** shall mean thirty-days after entry of the order confirming the plan unless the plan or confirmation order provides otherwise. D.N.J. LBR 3020-1.

22.    **Equity Interest Holder** shall mean the holder of an equity interest in the Debtor.

23.    **Equity Interest** shall mean any interest in the Debtor represented by stock,

4

warrants, options, or other rights to purchase any shares of stock in the Debtor.

24.     **Final Order** shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

25.     **Impaired** when used as an adjective preceding the words "Class of Claims" or "Class of Equity Interest", shall mean that the Plan alters the legal, equitable, or contractual rights of the member of that class.

26.     **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

27.     **Petition Date** shall mean the date on which the Debtor filed this petition for relief commencing the Chapter 11 Case.

28.     **Plan** shall mean the Plan of Reorganization filed in these Proceedings, together with any additional modifications and amendments.

29.     **Priority Non-Tax Claim** shall mean a Claim entitled to priority under sections 507(a)(2),(3), (4), (5), (6) or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

30.     **Priority Tax Creditor** shall mean a Creditor holding a priority tax claim.

31.     **Priority Tax Claim** shall mean any Claim entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

32.     **Proceedings** shall mean the Chapter 11 Case of the Debtor.

33.     **Professional Persons** means and refers to all attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the

Court entered under Sections 327, 328, 330, or 503(b) of the Bankruptcy Code.

34.     **Professional Claim** means and refers to a claim by any and all professionals as provided for in Sections 327, 328, 330 and 503(b) of the Bankruptcy Code.

35.     **Proponent** means the Debtor.

36.     **Reorganized Debtor** means the Debtor after confirmation of the Plan.

37.     **Secured Claim** means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtor has an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtor's interest in such property, determined in accordance with Section 506(a) of the Bankruptcy Code.

38.     **Unsecured Claim** shall mean any Claim against the Debtor which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such Debtor, and which is not (i) a secured claim pursuant to Section 506 of the Bankruptcy Code, as modified by section 1111(b) of the Bankruptcy Code, or (ii) a Claim entitled to priority under sections 503 or 507 of the Bankruptcy Code.  "Unsecured Claim" shall include all Claims against the Debtor that are not expressly otherwise dealt with in the Plan.

39.     **Other Definitions** a term used and not defined herein but that is defined in the Bankruptcy Code shall have the meaning set forth therein.  The words "herein", "hereof", "hereto", "hereunder", and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan.  Moreover, some terms defined herein are defined in the section in which they are used.

## C.     <u>Unclassified Claims.</u>

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are

automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has <u>not</u> placed the following claims in a class. The treatment of these claims is provided below.

      1.     **Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 503(b). Fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee were also incurred during the Chapter 11 Case. The Code requires that all administrative expenses be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists the Debtor's estimated Administrative Expenses (excluding fees and expenses owed to professionals retained by the Debtor during the course of his bankruptcy proceedings), and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses arising in the ordinary course of business after the Petition Date | $0.00 | Paid in full on the Effective Date, or according to the terms of the obligation, if later. |
| Administrative Tax Claim; | $0 | Paid in full on the Effective Date, or according to the terms of the obligation, if later. |
| The value of goods received in the ordinary course of business within 20 days before the Petition Date | $0.00 | Paid in full on the Effective Date, or according to the terms of the obligation, if later. |
| Clerk's Office fees | $0.00 | Paid in full on the Effective Date. |
| The North Hudson Sewerage Authority ("NHSA"). holds an administrative claim for | $1,589.53 | Paid in full on the Effective Date. |

7

| | | |
|---|---|---|
| post-petition sewerage services in the amount of $1,589.53. This claim is secured by the real property located at 212-214 65th Street, West New York, New Jersey (the "65th Street Property"). | | |
| United States Trustee Fees[2] | $650.00 | Paid in full on the Effective Date. |
| **TOTAL** | $2,239.53 | |

The following chart lists the Debtor's estimated fees and expenses owed to professionals, and their proposed treatment under the Plan:

| Name/Role of Professional | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Scura, Wigfield, Heyer, Stevens & Cammarota, LLP 1599 Hamburg Turnpike Wayne, NJ 07470 | $40,000.00 | Paid in full on the Effective Date or according to the terms of a separate written agreement. |
| **TOTAL** | $40,000.00 | |

**<u>Court Approval of Professional Compensation Required</u>:**

The Court must approve all professional compensation and expenses. Each professional person requesting compensation in the case pursuant to Sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code shall file an application for allowance of final compensation and reimbursement of expenses not later than ninety-days after the Confirmation Date. Nothing herein shall prohibit each professional person from requesting interim compensation during the course of this case pending Confirmation of this Plan. No motion or application is required to fix

---

[2] All fees required to be paid by 28 U.S.C. § 1930(a)(6) ("United States Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any United States Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date

fees payable to the Clerk's Office or the Office of the United States Trustee, as those fees are determined by statute.

>    2.    **Priority Tax Claims**

Priority Tax Claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) Priority Tax Claim agrees otherwise, it must receive the present value of such Claim, in regular installments paid [with interest as determined by applicable non-bankruptcy law] over a period not exceeding 5 years from the order of relief. <u>The following are Priority Tax Claims:</u>

| **Name Of Government Entity with a Tax Claim** | **Estimated Amount Owed** | **Proposed Treatment** |
|---|---|---|
| Internal Revenue Service | $1,340.40 | The holder of this claim shall be paid in the amount of its Allowed Priority Tax Claim including interest calculated at 5% interest per annum. The total amount to be paid under the plan is $1,478.49.<br><br>Commencing on the first day of the month following the Effective Date of the Plan and each month thereafter for a total of forty-eight (48) consecutive months commencing from the Effective Date, the Debtor shall make monthly payments to the holder as follows:<br><br>Year 1: $381.60 ($31.80 per month)<br>Year 2: $381.60 ($31.80 per month)<br>Year 3: $381.60 ($31.80 per month)<br>Year 4: $381.60 ($31.80 per month) |

>    D.    <u>**Classified Claims and Interests**</u>

>    1.    **Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate. The following represent all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 1 | Class One consists of a Secured Claim held by the Selene Finance, L.P. ("Selene"), as Trustee for MTGLQ Investors, L.P. c/o Selene Finance, LP. This claim is secured by the real property located at 191 Nimitz Road, Paramus, New Jersey (the "Paramus Property"). This Creditor filed proof of claim No. 9 in the secured amount of $577,295.15 ($63,727.67 of which are pre-petition arrears). A post-petition reinstatement letter from bankruptcy counsel for Selene, also demonstrates that the Debtor has also incurred post-petition arrears in the amount of $8,585.67. The total amount of pre- and post-petition arrears equal $72,313.34 through August 2019. | Yes | Continue Regular Monthly Payment and Pay Arrears Over Time. This Class shall retain the liens it held as same existed immediately prior to the Petition Date.<br><br>Beginning on September 1, 2019, the Class One claim holder shall be paid according to the terms of the mortgage executed by the Debtor on February 10, 2015[3], with the exception of pre- and post-petition arrears which shall be paid as follows:<br><br>Commencing on the Effective Date of the Plan and each month thereafter for a total of sixty (60) consecutive months, the Debtor shall make monthly payments to the holder in an amount equal to one sixtieth (1/60) of the pre and post-petition arrears. The amount of pre and post-petition arrears equal to $72,313.34.<br><br>Except as expressly modified by the Plan, the loan documents between the holder and the Debtor are ratified and shall remain in full force and effect, but the holder shall have the right to request that the Debtor execute new loan documents consistent with the provisions of this Plan.<br><br>If the Debtor fails to make any payment called for under this Plan to the holder of a claim in this class, or fails to abide by any other term of this Plan applicable to the holder of a claim in this class, then the holder may declare that the Debtor is in default of the Plan. Once the Debtor is in default, notice of default shall be sent to Debtor and Debtor's counsel. Failure to declare a default does not constitute a waiver of the right to declare that the Debtor is in default. If the holder of a claim in this class declares the Debtor to be in default of its obligation under the Plan, and the Debtor fails to cure such default within fourteen (14) days thereof, then the entire liability, together with any unpaid current liabilities, shall become due and payable immediately. Upon notice of default and the failure to cure, as set forth above, the holder may collect any unpaid liabilities without the need for Bankruptcy Court approval. This shall include full reinstatement of collection powers and rights as they existed prior to the filing of the bankruptcy petition in this case, including but not limited to, the filing of the notice of liens, and the powers of levy, seizure, and the sale. |

---

[3] Mortgage Bk: 01875, Page: 1190-1202, Recorded on March 3, 2015 with the Bergen County Clerk's Office – Land Records Management Division. See also, Proof of Claim #9-3, page. 26.

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| | | | |
| 2 | Class Two consists of a Secured Claim held by the Ditech Financial, LLC f/k/a Greet Tree Servicing, LLC. This Creditor filed proof of claim No. 6 in the secured amount of $250,081.91. This claim is secured by the real property located at 6609 Polk Street, West New York, New Jersey (the "Polk Street Property"). The property is occupied by the Debtor's mother who pays for the mortgage on the Polk Street Property. | No | Rights Unaltered.<br><br>The Debtor shall continue to make the payments in accordance with the mortgage agreement between the Debtor and the Class Two claim holder. |
| 3 | Class Three consists of a Secured Claim held by JP Morgan Chase Bank, N.A. ("Chase"). This Creditor filed proof of claim No. 12 in the secured amount of $605,024.69 (the "Secured Amount"). The secured claim was secured by the real property located at 212-214 65th Street, West New York, New Jersey ("65th Street Property"). The Secured Amount includes pre-petition arrears in the amount of $14,990.93. The Debtor has also incurred post-petition arrears in the amount of $17,791.76. The total amount of pre- and post-petition arrears owed by the Debtor equals $32,782.69 through July 2019. The Debtor began making post-petition payments to Chase beginning on August 2019 and has remained current since. | Yes | Continue Regular Monthly Payment and Pay Arrears Over Time. This Class shall retain the liens it held as same existed immediately prior to the Petition Date.<br><br>The Class Three claim holder shall be paid according to the originally contracted terms of the mortgage, with the exception of pre- and post-petition arrears which shall be paid as follows:<br><br>Commencing on the Effective Date of the Plan and each month thereafter for a total of sixty (60) consecutive months, the Debtor shall make monthly payments to the holder in an amount equal to one sixtieth (1/60) of the pre and post-petition arrears. The amount of pre and post-petition arrears equal to $32,782.69.<br><br>Except as expressly modified by the Plan, the loan documents between the holder and the Debtor are ratified and shall remain in full force and effect, but the holder shall have the right to request that the Debtor execute new loan documents consistent with the provisions of this Plan.<br><br>If the Debtor fails to make any payment called for under this Plan to the holder of a claim in this class, or fails to abide by any other term of this Plan applicable to the holder of a claim in this class, then the holder may declare that the Debtor is in default of the Plan. Once the Debtor is in default, notice of default shall be sent to |

11

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| | | | Debtor and Debtor's counsel. Failure to declare a default does not constitute a waiver of the right to declare that the Debtor is in default. If the holder of a claim in this class declares the Debtor to be in default of its obligation under the Plan, and the Debtor fails to cure such default within fourteen (14) days thereof, then the entire liability, together with any unpaid current liabilities, shall become due and payable immediately. Upon notice of default and the failure to cure, as set forth above, the holder may collect any unpaid liabilities without the need for Bankruptcy Court approval. This shall include full reinstatement of collection powers and rights as they existed prior to the filing of the bankruptcy petition in this case, including but not limited to, the filing of the notice of liens, and the powers of levy, seizure, and the sale. |
| 4 | Class Four consists of a Secured Claim held Mt. Laurel Township – Office of the Tax Collector. This creditor holds a secured claim in the amount of $30,922.4 for unpaid pre- and post- petition real property taxes from 2016 through the 3rd quarter of 2019. This claim is secured by a parcel of land located at 437 Hartford Rd., Mount Laurel, New Jersey ("437 Hartford"). | Yes | Continue Regular Monthly Payment and Pay Arrears Over Time. This Class shall retain the liens it held as same existed immediately prior to the Petition Date.<br><br>Beginning on the 4th quarter for 2019, the Debtor shall continue to maintain payments for real estate taxes owed on 437 Hartford with the exception of the pre- and post- petition real estate tax arrearages which shall be paid as follows:<br><br>Commencing on the Effective Date of the Plan and each month thereafter for a total of sixty (60) consecutive months, the Debtor shall make monthly payments to the holder in an amount equal to one sixtieth (1/60) of the pre and post-petition arrears at a 18% interest per annum. The amount of pre and post-petition arrears (including interest) equal to $45,777.63. |
| 5 | Class Five consists of a Secured Claim held by Nationstar Mortgage, LLC d/b/a Mr. Cooper and serviced by Wells Fargo Bank, N.A ("Wells Fargo"). This Creditor filed proof of claim No. 10 in the secured amount of $461,706.05. This claim is secured by the real property located at 522 4th Street, Union City, New Jersey (the "Fourth Street Property"). On June 4, 2019, the Court entered | No | Collateral to be Surrendered.<br><br>The Debtor will surrender the collateral securing the Secured Creditor's Claim on the Effective Date of the Plan. The Confirmation Order shall constitute an order granting relief from the automatic stay permitting the Secured Creditor to possess and dispose of their collateral. Any secured claim is deemed satisfied in full through surrender of the collateral. Any deficiency claim is a general unsecured claim. |

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| | an order granting relief from the automatic stay in favor of Wells Fargo and in relation to the Fourth Street Property. | | |
| 6 | Class Six consists of a Secured Claim held by Northumberland County Tax Claim Bureau. This creditor filed proof of claim No. 13 in the secured amount of $2,484.38 for unpaid real property taxes for the 2016-2017 tax years. This claim is secured by a parcel of land located at 132 Locust Street Milton ("132 Locust"), Borough Ward #2, State of Pennsylvania (parcel#:032-01-002-015). The Debtor has also incurred post-petition arrears in the amount of $1,305.84 through the 3rd quarter of 2019. The total amount of pre- and post- petition real estate tax arrears equal $3,790.22. | Yes | Continue Regular Monthly Payment and Pay Arrears Over Time. This Class shall retain the liens it held as same existed immediately prior to the Petition Date.<br><br>Beginning in the 4th quarter for 2019, the Debtor will continue to maintain the regular payments for real estate taxes on 132 Locust with the exception of the pre- and post- petition real estate tax arrearages which shall be paid as follows:<br><br>Commencing on the Effective Date of the Plan and each month thereafter for a total of sixty (60) consecutive months, the Debtor shall make monthly payments to the holder in an amount equal to one sixtieth (1/60) of the pre and post-petition arrears at a 9% interest per annum. The amount of pre and post-petition arrears (including interest) equal to $4,681.74. |
| 7 | Class Seven consists of a secured claim held by Ally Financial. This Creditor filed proof of claim No. 1 in the secured amount of $14,264.37 and an annual interest rate of 9.35%. The claim was secured by the 2012 Toyota Prius (VIN:JTDKN3DU6C550666). On June 14, 2018, the Court entered an order granting Ally Financial relief from the automatic stay in order to repossess the 2012 Toyota Prius. | No | Collateral to be Surrendered.<br><br>The Debtor will surrender the collateral securing the Secured Creditor's Claim on the Effective Date of the Plan. The Confirmation Order shall constitute an order granting relief from the automatic stay permitting the Secured Creditor to possess and dispose of their collateral. Any secured claim is deemed satisfied in full through surrender of the collateral. Any deficiency claim is a general unsecured claim. |
| 8 | Class Eight consists of a secured claim held by Toyota Motor Credit Co. This Creditor filed proof of claim No. 5 in the secured amount of $13,726.64 and an annual interest rate of 9.54%. The secured claim was secured by the 2011 Toyota Highlander | No | Collateral to be Surrendered.<br><br>The Debtor will surrender the collateral securing the Secured Creditor's Claim on the Effective Date of the Plan. The Confirmation Order shall constitute an order granting relief from the automatic stay permitting the Secured Creditor to possess and dispose of their collateral. Any secured claim is deemed satisfied in full through surrender of the collateral. Any deficiency claim |

13

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| | (VIN:5TDBK3EH1BS046794) | | is a general unsecured claim. |
| 9 | Class Nine consists of a Secured Claim held by the Internal Revenue Service ("IRS"). This Creditor filed proof of claim No. 4 in the secured amount of $5,200.00 resulting from unpaid income taxes. This claim is secured by all of the Debtors' rights, title, and interests to personal and real property pursuant to Title 26 U.S.C. Sec. 6321. The Liquidation Analysis (Exhibit "F") illustrates that the IRS claim is fully secured by the non-exempt equity in personal property. | Yes | Pay Amount Due in Full Over Time. This Class shall retain the liens it held as same existed immediately prior to the Petition Date. <br><br> Commencing on the Effective Date of the Plan and each month thereafter for a total of sixty (60) consecutive months, the Debtor shall make monthly payments to the holder in an amount equal to one sixtieth (1/60) of the secured amount owed at a 5% interest per annum. The amount to be paid through the Plan (including interest) totals $6,097.80. <br><br> If the Debtor fails to make any payment called for under this Plan to the holder of a claim in this class, or fails to abide by any other term of this Plan applicable to the holder of a claim in this class, then the holder may declare that the Debtor is in default of the Plan. Once the Debtor is in default, notice of default shall be sent to Debtor and Debtor's counsel. Failure to declare a default does not constitute a waiver of the right to declare that the Debtor is in default. If the holder of a claim in this class declares the Debtor to be in default of its obligation under the Plan, and the Debtor fails to cure such default within fourteen (14) days thereof, then the entire liability, together with any unpaid current liabilities, shall become due and payable immediately. Upon notice of default and the failure to cure, as set forth above, the holder may collect any unpaid liabilities without the need for Bankruptcy Court approval. This shall include full reinstatement of collection powers and rights as they existed prior to the filing of the bankruptcy petition in this case, including but not limited to, the filing of the notice of liens, and the powers of levy, seizure, and the sale. |
| 10 | Class Ten consists of a Secured Claim held by the State of New Jersey – Division of Taxation. This Creditor filed proof of claim No. 11 in the secured amount of $10,346.09 arising from a judgment entered against the Debtor on May 5, 2016 (DJ-075635-2016). <br><br> The Liquidation Analysis | No | Pay Value of Collateral Over Time. This Class shall retain the liens it held as same existed immediately prior to the Petition Date <br><br> Commencing on the Effective Date of the Plan and each month thereafter for a total of sixty (60) consecutive months, the Debtor shall make monthly payments to the holder in an amount equal to one sixtieth (1/60) of the secured amount owed at a 5% interest per annum. The amount to be paid through the Plan (including interest) totals $12,097.81. |

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
|  | (Exhibit "F") illustrates that there is no equity in real or personal property beyond that of superior liens held by the IRS. |  | If the Debtor fails to make any payment called for under this Plan to the holder of a claim in this class, or fails to abide by any other term of this Plan applicable to the holder of a claim in this class, then the holder may declare that the Debtor is in default of the Plan. Once the Debtor is in default, notice of default shall be sent to Debtor and Debtor's counsel. Failure to declare a default does not constitute a waiver of the right to declare that the Debtor is in default. If the holder of a claim in this class declares the Debtor to be in default of its obligation under the Plan, and the Debtor fails to cure such default within fourteen (14) days thereof, then the entire liability, together with any unpaid current liabilities, shall become due and payable immediately. Upon notice of default and the failure to cure, as set forth above, the holder may collect any unpaid liabilities without the need for Bankruptcy Court approval. This shall include full reinstatement of collection powers and rights as they existed prior to the filing of the bankruptcy petition in this case, including but not limited to, the filing of the notice of liens, and the powers of levy, seizure, and the sale. |

### 2. Priority Non-Tax Claims

Certain priority non-tax claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are entitled to priority treatment. The Debtor does not owe any Priority Non-Tax Claims.

### 3. Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). These claims are to be treated as follows:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|

15

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 7 | Class Eleven are holders of General Unsecured Claims, including allowed deficiency claims of creditors in prior classes and the claims of creditors not otherwise classified under the Plan (the "Allowed Unsecured Claims"). The scheduled amount of undisputed general unsecured claims is $146,857.34. | Yes | As illustrated in the Liquidation Analysis (annexed as "Exhibit F" to this Plan), the general unsecured creditors would receive no less than the Debtor's equity in non-exempt property.<br><br>In accordance to the Debtor's Cash Flow Analysis (annexed as "Exhibit E" to this Plan) the Debtor has a projected Disposable income of $31,929.04 (as defined in Section 1325(b)(2) and 707(b)(2)(A) of the Bankruptcy Code), all of which will be paid to Allowed Unsecured Claims pro rata as follows:<br><br>Commencing on the first day of the first quarter following the Effective Date of the Plan and each quarter thereafter for a total of twenty (20) quarters , the Debtor shall make monthly payments to the Disbursing Agent in an amount equal to one-twelfth (1/4) of the annual projected disposable income of the Debtor (as defined in Section 1325(b)(2) and 707(b)(2)(A) of the Bankruptcy Code, and as projected in the Cash Flow Analysis) to undisputed, liquidated, non-contingent claims as scheduled or filed, subject to timely objection to the validity or extent of each claim (the "Allowed Unsecured Claims"). The funds so paid by the Debtor shall be paid to the holder of the Allowed Unsecured Claims on a pro-rata basis commencing five months from the Debtor's initial payment and quarterly thereafter for a total of twenty quarters. |

### 4.    Class(es) of Interest Holders

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders. If the Debtor is a partnership, the interest holders include both general and

limited partners. If the Debtor is an individual, the Debtor is the interest holder. The following chart identifies the Plan's treatment of the class of interest holders:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 12 | This Class consists of the ownership interest of the Debtor in his respective assets, which are not otherwise abandoned pursuant to the Plan. | No | The ownership interests of the Debtor in his assets shall not be altered as a consequence of the Plan. The Cash Flow Analysis, annexed as Exhibit "E", illustrates the amount of income received by the Debtor and his non-filing spouse, resulting disposable income, all of which is contributed to the funding of the Plan. Contributions from the non-filing spouse to support the household expenses for the duration of this Plan are considered new value in exchange for the Debtor's retention of ownership interest. |

## Acceptance or Rejection of Plan

Each impaired class of Creditors with claims against the Debtor's estate shall be entitled to vote separately to accept or reject the Plan. A class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the allowed Claims of such class that have accepted or rejected the Plan. In the event that any impaired class of Creditors or Interest holders shall fail to accept the Plan in accordance with Section 1129(a) of the Bankruptcy Code, the Proponent reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code.

## E.  Means of Effectuating the Plan

1.  Funding the Plan

The Plan will be funded from (i) funds on hand in the estate at the time of Confirmation; (ii) the non-debtor spouse's monthly income; and (iii) the Debtor's disposable monthly income

17

as defined in 11 U.S.C. 1325(b)(2). The Cash Flow Analysis, annexed as Exhibit "E", illustrates the amount of income received from the Debtor and his non-filing spouse, all of which is contributed to the funding of the Plan.

2.      Post Confirmation Management

The Debtor will manage his own financial affairs.

3.      Disbursing Agent

The Debtor shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan.

## III.      TREATMENT OF MISCELLANEOUS ITEMS

### A.      Executory Contracts and Unexpired Leases

1.      Assumptions

The following are the unexpired leases and executory contracts to be assumed as obligations of the Reorganized Debtor under this Plan: **N/A**

On the Effective Date, each of the unexpired leases and executory contracts listed above shall be assumed as obligations of the Reorganized Debtor. The Order of the Court confirming the Plan shall constitute an Order approving the assumption of each lease and contract listed above. If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

2.      Rejections

On the Effective Date, all Executory Contracts and Unexpired Leases, except for those specifically assumed by the Debtor in writing or previously assumed by Court Order, shall be

deemed rejected. The order confirming the Plan shall constitute an order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. <u>See</u> Disclosure Statement for the specific date.

**THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS FIXED BY D.N.J. LBR 3003-1(b).**

Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**B.**     <u>Changes in Rates Subject to Regulatory Commission Approval</u>

This Debtor is not subject to governmental regulatory commission approval of its rates.

**C.**     <u>Retention of Jurisdiction</u>

The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by the Plan, and to make such orders as are necessary or appropriate to carry out the provisions of this Plan.

In addition, the Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code. If the Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Debtor or the Reorganized Debtor

elect to bring an action or proceeding in any other forum, then this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

**D.      Procedures for Resolving Contested Claims**

Objections to Claims and interests, except for those Claims more specifically deemed Allowed in the Plan, may be filed by the Reorganized Debtor or any party in interest up to and including sixty (60) days following the entry of the Confirmation Order. With respect to disputed Claims or interests, the Disbursing Agent will hold in a separate interest-bearing reserve account such funds as would be necessary in order to make the required distribution on the Claim or interest, as listed either in the Debtor's schedules or the filed proof(s) of claim.

**E.      Notices under the Plan**

All notices, requests or demands with respect to this Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by registered mail or certified mail, postage prepaid, return receipt requested, and if sent to the Proponent, addressed to:

**David L. Stevens, Esq.**
**Scura, Wigfield, Heyer, Stevens & Cammarota, LLP**
**1599 Hamburg Turnpike**
**Wayne, New Jersey 07470**
**Fax: (973) 696-8571**
**Dstevens@scura.com**

**IV.          EFFECT OF CONFIRMATION OF PLAN**

**A.      Discharge**

Confirmation of this Plan does not discharge any debt provided for in this Plan until the Bankruptcy Court grants a discharge on completion of all payments under this plan, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtor will not be discharged from any

debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the

Federal Rules of Bankruptcy Procedure.

**B.**  **Revesting of Property in the Debtor**

Except as provided in the Plan, the Confirmation of the Plan revests all of the property of

the estate in the Debtor.

**C.**  **Modification of Plan**

The Proponent may modify the Plan at any time before confirmation. However, the Court

may require a new disclosure statement and/or revoting on the Plan if Proponent modifies the

plan before confirmation.

The Proponent may also seek to modify the Plan at any time after confirmation so long as

(1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed

modification after notice and a hearing. Proponent further reserves the right to modify the

treatment of any Allowed Claims at any time after the Effective Date of the Plan upon the

consent of the Creditor whose Allowed Claim treatment is being modified, so long as no other

Creditors are materially adversely affected.

**D.**  **Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under

Section 1112(b), after the Plan is confirmed, if there is a default in performance of the Plan or if

27 cause exists under Section 1112(b). If the Court orders the case converted to Chapter 7 after

the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that

has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic

stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

**E.**     **Post-Confirmation Quarterly Fees**

Quarterly fees pursuant to 28 U.S.C. § 1930(a)(6) continue to be payable to the Office of the United States Trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to a final decree.

**F.**     **Closing the Case**

The Debtor shall file a motion pursuant to Section 350 of the Bankruptcy Code seeking a final decree at such time that substantial consummation of the Plan has occurred. In this case, substantial consummation shall be deemed to occur when the net sale proceeds held by Debtor's counsel is turned over to the Disbursing Agent.  Notwithstanding the closure of the Chapter 11 Case, nothing herein shall prevent the Debtor from completing or instituting such proceedings as may be necessary for the enforcement of any claim, including avoidance actions, which may exist against any third party prior to closing the Chapter 11 Case and which may have not been enforced or prosecuted prior to the closing of the Chapter 11 Case.

Date: September 16, 2019                             By: /s/ Franklin Medina
                                                                          Franklin Medina

# **EXHIBIT B**

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Franklin Medina** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY | | |
| Case number | 18-11629 | | |

☐ Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes. Where is the property?

**1.1**

| 191 Nimitz Road | |
|---|---|
| Street address, if available, or other description | |

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Paramus | NJ | 07652-0000 |
|---|---|---|
| City | State | ZIP Code |

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $535,000.00 | $535,000.00 |

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

| Bergen | |
|---|---|
| County | |

☐ **Check if this is community property** (see instructions)

Other information you wish to add about this item, such as local property identification number:

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor 1   **Franklin Medina**                                      Case number *(if known)*   **18-11629**

**If you own or have more than one, list here:**

1.2

**212-214 65th Street**

Street address, if available, or other description

**West New York**      **NJ**      **07093-0000**

City                            State            ZIP Code

**Hudson**

County

**What is the property?** Check all that apply

☐ Single-family home

■ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☐ Land

■ Investment property

☐ Timeshare

☐ Other

**Who has an interest in the property?** Check one

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

■ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$397,052.00** | **$397,052.00** |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known:**

☐ **Check if this is community property** (see instructions)

---

**If you own or have more than one, list here:**

1.3

**6609 Polk Street**

Street address, if available, or other description

**West New York**      **NJ**      **07093-0000**

City                            State            ZIP Code

**Hudson**

County

**What is the property?** Check all that apply

■ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☐ Land

☐ Investment property

☐ Timeshare

☐ Other

**Who has an interest in the property?** Check one

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

■ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Mother's Primary Home**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$262,000.00** | **$262,000.00** |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known:**

☐ **Check if this is community property** (see instructions)

---

Official Form 106A/B                          Schedule A/B: Property                          page 2

Best Case Bankruptcy

| Debtor 1 | **Franklin Medina** | | Case number *(if known)* | **18-11629** |

**1.4** **If you own or have more than one, list here:**

**522 4th Street**

Street address, if available, or other description

**Union City**     **NJ**     **07087-0000**

City         State     ZIP Code

**Hudson**

County

**What is the property?** Check all that apply

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☐ Land

■ Investment property

☐ Timeshare

☐ Other

**Who has an interest in the property?** Check one

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

■ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$435,000.00** | **$435,000.00** |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

☐ **Check if this is community property**
(see instructions)

---

**1.5** **If you own or have more than one, list here:**

**132 Locust Street**

Street address, if available, or other description

**Milton**     **PA**     **17847-0000**

City         State     ZIP Code

**Northumberland**

County

**What is the property?** Check all that apply

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☐ Land

■ Investment property

☐ Timeshare

☐ Other

**Who has an interest in the property?** Check one

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

■ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$15,000.00** | **$15,000.00** |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

☐ **Check if this is community property**
(see instructions)

| Debtor 1 | Franklin Medina | | Case number *(if known)* | 18-11629 |
|---|---|---|---|---|

**1.6** **If you own or have more than one, list here:**

**437 Hartford Road**
Street address, if available, or other description

**Mount Laurel**       **NJ**    **08054-0000**
City            State     ZIP Code

**Burlington**
County

**What is the property?** Check all that apply

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☑ Land

☑ Investment property

☐ Timeshare

☐ Other _____

**Who has an interest in the property?** Check one

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Investment Land**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$10,000.00** | **$10,000.00** |

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property
   (see instructions)

---

**2.** Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...........................................................................=>

| **$1,654,052.00** |
|---|

**Part 2:** Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

**3.** Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No

☑ Yes

**3.1** Make: **Toyota**
Model: **Highlander**
Year: **2011**
Approximate mileage: **70000**
Other information:

**Who has an interest in the property?** Check one

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☑ At least one of the debtors and another

☐ Check if this is community property
   (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$15,000.00** | **$15,000.00** |

**3.2** Make: **Toyota**
Model: **Prius**
Year: **2012**
Approximate mileage: **125000**
Other information:

**Who has an interest in the property?** Check one

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☑ At least one of the debtors and another

☐ Check if this is community property
   (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$12,000.00** | **$12,000.00** |

---

Debtor 1   **Franklin Medina**                                                   Case number (if known)   **18-11629**

| 3.3 | Make: | **Lexus** |
| | Model: | **300** |
| | Year: | **1993** |
| | Approximate mileage: | **125000** |
| | Other information: | |

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
| --- | --- |
| **$500.00** | **$500.00** |

---

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☒ No
☐ Yes

---

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here...........................................................=>

| **$27,500.00** |

---

**Part 3:**  Describe Your Personal and  Household Items

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ☒ Yes.  Describe.....

| Furniture, Chairs, Tables | **$1,000.00** |

---

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ☒ Yes.  Describe.....

| TV's, Telephones, Computers | **$2,000.00** |

---

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ☒ No
   ☐ Yes.  Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☒ No
   ☐ Yes.  Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ☒ No
    ☐ Yes.  Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ☐ Yes.  Describe.....

Official Form 106A/B                      Schedule A/B: Property                                    page 5

Debtor 1    **Franklin Medina**                                          Case number *(if known)*  **18-11629**

| Clothing | $100.00 |
|---|---|

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ■ No
    ☐ Yes. Describe.....

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ■ No
    ☐ Yes. Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ■ No
    ☐ Yes. Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ............................................................................

| | $3,100.00 |
|---|---|

**Part 4:  Describe Your Financial Assets**

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ☐ No
    ■ Yes....................................................................................

|  | **Cash** | $1,000.00 |
|---|---|---|

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
    ☐ No
    ■ Yes....................... Institution name:

| 17.1. | **Checking** | **GoBank** | $600.00 |
|---|---|---|---|

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes................. Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ☐ No
    ■ Yes. Give specific information about them...................

| Name of entity: | % of ownership: | |
|---|---|---|
| **RollinBoards, Inc.** | **100** % | $0.00 |

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ■ No
    ☐ Yes. Give specific information about them

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Debtor 1 | **Franklin Medina** | Case number *(if known)* | **18-11629** |
|---|---|---|---|

Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

■ No
☐ Yes. List each account separately.
Type of account:      Institution name:

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No
☐ Yes. ....................
Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No
☐ Yes............
Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No
☐ Yes............
Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

■ No
☐ Yes. Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

■ No
☐ Yes. Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

■ No
☐ Yes. Give specific information about them...

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

**28. Tax refunds owed to you**

■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

■ No
☐ Yes. Give specific information......

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

■ No
☐ Yes. Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

■ No
☐ Yes. Name the insurance company of each policy and list its value.
Company name:      Beneficiary:      Surrender or refund value:

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Debtor 1 | **Franklin Medina** | Case number *(if known)* | **18-11629** |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No
☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No
☐ Yes. Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No
☐ Yes. Describe each claim.........

**35. Any financial assets you did not already list**

■ No
☐ Yes. Give specific information..

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**....................................................................................................... | **$1,600.00** |

| **Part 5:** | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |

**37. Do you own or have any legal or equitable interest in any business-related property?**

■ No. Go to Part 6.
☐ Yes. Go to line 38.

| **Part 6:** | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.
☐ Yes. Go to line 47.

| **Part 7:** | Describe All Property You Own or Have an Interest in That You Did Not List Above |

**53. Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

■ No
☐ Yes. Give specific information.........

**54. Add the dollar value of all of your entries from Part 7. Write that number here** ..................................... | **$0.00** |

Debtor 1   **Franklin Medina**                                                    Case number *(if known)*   **18-11629**

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

55.  **Part 1: Total real estate, line 2** ................................................................................................    **$1,654,052.00**

56.  **Part 2: Total vehicles, line 5**                                    **$27,500.00**

57.  **Part 3: Total personal and household items, line 15**            **$3,100.00**

58.  **Part 4: Total financial assets, line 36**                          **$1,600.00**

59.  **Part 5: Total business-related property, line 45**                **$0.00**

60.  **Part 6: Total farm- and fishing-related property, line 52**        **$0.00**

61.  **Part 7: Total other property not listed, line 54**        +        **$0.00**

62.  **Total personal property.** Add lines 56 through 61...    **$32,200.00**    Copy personal property total    **$32,200.00**

63.  **Total of all property on Schedule A/B.** Add line 55 + line 62                                         **$1,686,252.00**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

# **EXHIBIT C**

| Fill in this information to identify your case: |
|---|

| Debtor 1 | **Franklin Medina** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY | | |
| Case number | 18-11629 | | |
| (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:  List All Secured Claims**

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| | | Amount of claim | Value of collateral | Unsecured |
| | | Do not deduct the | that supports this | portion |
| | | value of collateral. | claim | If any |

| 2.1 | **Ally Financial** | | Describe the property that secures the claim: | $14,066.00 | $12,000.00 | $2,066.00 |
|---|---|---|---|---|---|---|

Creditor's Name

Describe the property that secures the claim:

**2012 Toyota Prius 125000 miles**

**Attn: Bankruptcy**
**Po Box 380901**
**Bloomington, MN 55438**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
    community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured
    car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

| | **Opened** **01/16  Last** **Active** | | |
|---|---|---|---|
| Date debt was incurred | **12/07/17** | Last 4 digits of account number | **0751** |

Official Form 106D                    Schedule D: Creditors Who Have Claims Secured by Property                    page 1 of 5

Debtor 1 **Franklin Medina**

First Name      Middle Name      Last Name

Case number (if known)    **18-11629**

| | | | |
|---|---|---|---|
| **2.2** **Chase Bank N.A.** | Describe the property that secures the claim: | **$460,000.00** | **$397,052.00** | **$62,948.00** |

Creditor's Name

**212-214 65th Street West New York, NJ 07093 Hudson County**

**270 Park Avenue
New York, NY 10017**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a
    community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured
    car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____

Last 4 digits of account number    **1023**

---

| | | | |
|---|---|---|---|
| **2.3** **Ditech** | Describe the property that secures the claim: | **$250,647.00** | **$262,000.00** | **$0.00** |

Creditor's Name

**6609 Polk Street West New York, NJ 07093 Hudson County
Mother's Primary Home**

**Attn: Bankruptcy
Po Box 6172
Rapid City, SD 57709**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
    community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured
    car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

**Opened
06/05 Last
Active**

Date debt was incurred   **12/14/17**

Last 4 digits of account number    **6540**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Debtor 1 **Franklin Medina**

First Name      Middle Name      Last Name        Case number (if known)    **18-11629**

---

| 2.4 | **Seterus, Inc.** | | |
|---|---|---|---|

Creditor's Name

Describe the property that secures the claim:    **$541,571.00**    **$535,000.00**    **$6,571.00**

**Attn: Bankruptcy
Po Box 1077
Hartford, CT 06143**

> **191 Nimitz Road Paramus, NJ 07652
> Bergen County**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a
    community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured
    car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

**Opened
09/07 Last
Active**

Date debt was incurred   **3/13/16**      Last 4 digits of account number   **6858**

---

| 2.5 | **Tax Claim Bureau
Northumberland County** | | |
|---|---|---|---|

Creditor's Name

Describe the property that secures the claim:    **$1,200.00**    **$15,000.00**    **$0.00**

**399 Stadium Drive
Sunbury, PA 17801**

> **132 Locust Street Milton, PA 17847
> Northumberland County**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
    community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured
    car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Unpaid Propert Taxes**

Date debt was incurred _____      Last 4 digits of account number   **2015**

---

Debtor 1   **Franklin Medina**

First Name       Middle Name        Last Name

Case number (if known)   18-11629

| 2.6 | **Toyota Motor Credit Co** | | $13,619.00 | $15,000.00 | $0.00 |

Creditor's Name

**Toyota Financial Services**
**Po Box 8026**
**Cedar Rapids, IA 52408**

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

**2011 Toyota Highlander 70000 miles**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

**Opened 01/16 Last Active**

Date debt was incurred   **12/27/17**        Last 4 digits of account number   **0001**

---

| 2.7 | **Wells Fargo Bank, N.A.** | | $540,000.00 | $435,000.00 | $105,000.00 |

Creditor's Name

**420 Montgomery Street**
**Attn: Bankruptcy Dept.**
**San Francisco, CA 94104**

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

**522 4th Street Union City, NJ 07087**
**Hudson County**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred   _____        Last 4 digits of account number   _____

---

| Add the dollar value of your entries in Column A on this page. Write that number here: | $1,821,103.00 |
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $1,821,103.00 |

| **Part 2:** | **List Others to Be Notified for a Debt That You Already Listed** |

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐   Name, Number, Street, City, State & Zip Code
**McCalla Raymer Leibert Pierce, LLC.**
**99 Wood Avenue South, Suite 803**
**Iselin, NJ 08830**

On which line in Part 1 did you enter the creditor?   **2.7**

Last 4 digits of account number ___

☐   Name, Number, Street, City, State & Zip Code
**Northumberland County Assesor**
**399 S. 5th #301**
**Sunbury, PA 17801**

On which line in Part 1 did you enter the creditor?   **2.5**

Last 4 digits of account number   **2015**

---

| Debtor 1 | **Franklin Medina** | | | Case number (if known) | **18-11629** |
| | First Name | Middle Name | Last Name | | |

☐ Name, Number, Street, City, State & Zip Code
**Stern, Lavinthal & Frankenberg, LLC**
**105 Eisenhower Parkway, Ste. 302**
**Attn. Maria Cozzini**
**Roseland, NJ 07068**

On which line in Part 1 did you enter the creditor?   **2.4**

Last 4 digits of account number ___

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

| Fill in this information to identify your case: |  |  |
|---|---|---|

| Debtor 1 | **Franklin Medina** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY | | |
| Case number | 18-11629 | | |
| (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims against you?**

    ☐ No. Go to Part 2.

    ☐ Yes.

2.  **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

    (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

|  |  |  | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|---|
| **2.1** | **Internal Revenue Service** | Last 4 digits of account number | **$25,000.00** | **$25,000.00** | **$0.00** |

| 2.1 | **Internal Revenue Service** | Last 4 digits of account number _____ | **$25,000.00** | **$25,000.00** | **$0.00** |
|---|---|---|---|---|---|
| | Priority Creditor's Name | | | | |
| | **PO Box 7346** | When was the debt incurred? _____ | | | |
| | **Philadelphia, PA 19101** | | | | |
| | Number Street City State Zip Code | **As of the date you file, the claim is:** Check all that apply | | | |
| | **Who incurred the debt?** Check one. | | | | |
| | | ☐ Contingent | | | |
| | ■ Debtor 1 only | | | | |
| | ☐ Debtor 2 only | ☐ Unliquidated | | | |
| | ☐ Debtor 1 and Debtor 2 only | ☐ Disputed | | | |
| | ☐ At least one of the debtors and another | **Type of PRIORITY unsecured claim:** | | | |
| | | ☐ Domestic support obligations | | | |
| | ☐ **Check if this claim is for a community debt** | ■ Taxes and certain other debts you owe the government | | | |
| | **Is the claim subject to offset?** | ☐ Claims for death or personal injury while you were intoxicated | | | |
| | ■ No | ☐ Other. Specify _____ | | | |
| | ☐ Yes | | | | |

Debtor 1  **Franklin Medina**                                                  Case number (if known)    18-11629

---

| 2.2 | **State of New Jersey Division of Taxation** | Last 4 digits of account number | | $14,000.00 | $14,000.00 | $0.00 |

Priority Creditor's Name

**Compliance & Enforcement - Compliance**

**50 Barrack Street, 9th Floor**

**Trenton, NJ 08695**

When was the debt incurred?

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

**Who incurred the debt?** Check one.

☐ Contingent

■ Debtor 1 only

☐ Unliquidated

☐ Debtor 2 only

☐ Disputed

☐ Debtor 1 and Debtor 2 only

**Type of PRIORITY unsecured claim:**

☐ At least one of the debtors and another

☐ Domestic support obligations

☐ **Check if this claim is for a community debt**

■ Taxes and certain other debts you owe the government

**Is the claim subject to offset?**

☐ Claims for death or personal injury while you were intoxicated

■ No

☐ Other. Specify _____

☐ Yes

---

| **Part 2:** | **List All of Your NONPRIORITY Unsecured Claims** |

3.  Do any creditors have nonpriority unsecured claims against you?

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

■ Yes.

4.  **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

|  |  | Total claim |
| --- | --- | --- |

| 4.1 | **Kabbage** | Last 4 digits of account number | 2377 | $10,604.74 |

Nonpriority Creditor's Name

**P.O Box 77081**

**Atlanta, GA 30357**

When was the debt incurred?

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

**Who incurred the debt?** Check one.

☐ Contingent

■ Debtor 1 only

☐ Unliquidated

☐ Debtor 2 only

☐ Disputed

☐ Debtor 1 and Debtor 2 only

**Type of NONPRIORITY unsecured claim:**

☐ At least one of the debtors and another

☐ Student loans

☐ **Check if this claim is for a community debt**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

**Is the claim subject to offset?**

☐ Debts to pension or profit-sharing plans, and other similar debts

■ No

■ Other. Specify _____

☐ Yes

---

Debtor 1 **Franklin Medina**                                                                    Case number (if known)    **18-11629**

| 4.2 | **Milton Regional Sewer Authority** | Last 4 digits of account number    **6488** | **$2,263.93** |

Nonpriority Creditor's Name

**5585 State Route 405**
**Milton, PA 17847**

When was the debt incurred?

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only                                    ☐ Contingent
☐ Debtor 1 and Debtor 2 only          ☐ Unliquidated
■ At least one of the debtors and another    ☐ Disputed

☐ **Check if this claim is for a community debt**    Type of NONPRIORITY unsecured claim:

☐ Student loans

**Is the claim subject to offset?**    ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No    ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes    ■ Other. Specify _____

---

| 4.3 | **Motor Vehicle Commission** | Last 4 digits of account number | **Unknown** |

Nonpriority Creditor's Name

**New Jersey Motor Vehicle Commission**
**Administrative Unit**
**225 East State Street**
**Trenton, NJ 08666**

When was the debt incurred?

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only                                    ☐ Contingent
☐ Debtor 1 and Debtor 2 only          ☐ Unliquidated
☐ At least one of the debtors and another    ☐ Disputed

☐ **Check if this claim is for a community debt**    Type of NONPRIORITY unsecured claim:

☐ Student loans

**Is the claim subject to offset?**    ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No    ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes    ■ Other. Specify _____

---

| 4.4 | **Navient** | Last 4 digits of account number    **8736** | **$9,755.00** |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**Po Box 9500**
**Wilkes-Barre, PA 18773**

When was the debt incurred?    **Opened 10/01  Last Active 4/24/11**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only                                    ☐ Contingent
☐ Debtor 1 and Debtor 2 only          ☐ Unliquidated
☐ At least one of the debtors and another    ☐ Disputed

☐ **Check if this claim is for a community debt**    Type of NONPRIORITY unsecured claim:

☐ Student loans

**Is the claim subject to offset?**    ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No    ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes    ■ Other. Specify    **Educational**

---

Debtor 1  **Franklin Medina**                                                                          Case number (if known)   **18-11629**

---

| 4.5 | **Navient** | Last 4 digits of account number | **0415** | **$7,695.00** |

Nonpriority Creditor's Name

**Attn: Bankruptcy
Po Box 9500
Wilkes-Barre, PA 18773**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**   **Opened 04/05  Last Active 3/31/17**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Educational**

---

| 4.6 | **North Hudson Sewerage Authority** | Last 4 digits of account number | **6555** | **$8,000.00** |

Nonpriority Creditor's Name

**1600 Adams Street
Hoboken, NJ 07030**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify

---

| 4.7 | **North Hudson Sewerage Authority** | Last 4 digits of account number | **3031** | **$4,000.00** |

Nonpriority Creditor's Name

**1600 Adams Street
Hoboken, NJ 07030**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify

---

Debtor 1   **Franklin Medina**                                                                 Case number *(if known)*   **18-11629**

| | | |
|---|---|---|
| **4.8** | **Online Collections** | Last 4 digits of account number   **9678**   $521.00 |

**4.8** | **Online Collections**

Nonpriority Creditor's Name
**Po Box 1489**
**Winterville, NC 28590**
Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No

☐ Yes

Last 4 digits of account number   **9678**

When was the debt incurred?   **Opened 10/17**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Collection Attorney Pseg Services Corportation**

$521.00

---

**4.9** | **PSE&G**

Nonpriority Creditor's Name
**P.O. Box 14444**
**New Brunswick, NJ 08906-4444**
Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No

☐ Yes

Last 4 digits of account number   **2805**

When was the debt incurred?

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify

$1,144.69

---

**4.10** | **Suez Water New Jersey**

Nonpriority Creditor's Name
**Customer Service Center**
**69 DeVoe Place**
**Hackensack, NJ 07601**
Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No

☐ Yes

Last 4 digits of account number

When was the debt incurred?

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify

$800.00

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Debtor 1  **Franklin Medina**                                                  Case number (if known)  **18-11629**

| 4.1 1 | **Tolls By Mail** | Last 4 digits of account number | **6203** | **$32,350.00** |
|---|---|---|---|---|

Nonpriority Creditor's Name

**P.O. Box 15183**
**Albany, NY 12212**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

■ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify _____

---

| 4.1 2 | **Union City Tax Assessor** | Last 4 digits of account number | | **$25,000.00** |
|---|---|---|---|---|

Nonpriority Creditor's Name

**3715 Palisade Avenue #1st**
**Union City, NJ 07087**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

■ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify _____

---

| 4.1 3 | **West New York Tax Assessor** | Last 4 digits of account number | | **$5,000.00** |
|---|---|---|---|---|

Nonpriority Creditor's Name

**428 60th Street, #3**
**West New York, NJ 07093**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

■ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify _____

---

| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |
|---|---|

**5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.**

Name and Address                                    On which entry in Part 1 or Part 2 did you list the original creditor?

| Debtor 1 | **Franklin Medina** | | Case number (if known) | **18-11629** |
|---|---|---|---|---|

| **New Jersey Attorney General Office**<br>**Division of Law**<br>**Richard J. Hughes Justice Complex**<br>**25 Market St., PO Box 112**<br>**Trenton, NJ 08625** | Line **4.3** of (Check one): | ☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims |
|---|---|---|
| | Last 4 digits of account number | |

---

**Part 4:**   Add the Amounts for Each Type of Unsecured Claim

6.  **Total the amounts of certain types of unsecured claims.** This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 39,000.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 39,000.00 |

|  | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 107,134.36 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ 107,134.36 |

# EXHIBIT D

# EXHIBIT D

### Cash on hand on the Effective Date

Cash on hand on the Effective Date:                                    $6,124.17

*Less –*

    Amount of Administrative Expenses payable
    on Effective Date of Plan                                    $1,589.53

    Other Plan Payments due on Effective Date

        Balance after paying these amounts                    $4,534.64

# **EXHIBIT E**

**Franklin Medina - Case No. 18-11629-RG**

| | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 |
|---|---|---|---|---|---|
| **Rental Income** | | | | | |
| | | | | | |
| 212-214 65th Street Property - Gross Rental Income | $51,000.00 | $51,510.00 | $52,025.10 | $52,545.35 | $53,070.80 |
| 212-214 65th St. - Mortgage (Incl. T&I) | $37,392.00 | $37,392.00 | $37,392.00 | $37,392.00 | $37,392.00 |
| 212-214 65th St. - Water/Sewer Taxes | $1,200.00 | $1,224.00 | $1,248.48 | $1,273.45 | $1,298.92 |
| 212-214 65th St. - Cure Payment | $6,556.54 | $6,556.54 | $6,556.54 | $6,556.54 | $6,556.54 |
| 212-214 65th St. - Maintenance | $1,500.00 | $1,515.00 | $1,530.15 | $1,545.45 | $1,560.91 |
| 212-214 65th Street Property - Net Rental Income | $4,351.46 | $4,822.46 | $5,297.93 | $5,777.91 | $6,262.44 |
| | | | | | |
| 6609 Polk Street Property - Gross Rental Income | $10,200.00 | $10,302.00 | $10,405.02 | $10,509.07 | $10,614.16 |
| 6609 Polk St. - Mortgage (Incl. T&I)[1] | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 6609 Polk St. - Water/Sewer Taxes | $1,600.00 | $1,632.00 | $1,664.64 | $1,697.93 | $1,731.89 |
| 6609 Polk St. - Maintenance | $2,000.00 | $2,020.00 | $2,040.20 | $2,060.60 | $2,081.21 |
| 6609 Polk Street Property - Net Rental Income | $6,600.00 | $6,650.00 | $6,700.18 | $6,750.54 | $6,801.06 |
| | | | | | |
| **Total Net Rental Income** | **$10,951.46** | **$11,472.46** | **$11,998.11** | **$12,528.45** | **$13,063.50** |
| | | | | | |
| Franklin Medina - W-2 Income | $102,000.00 | $105,060.00 | $108,211.80 | $111,458.15 | $114,801.90 |
| Parking Deduction | $3,120.00 | $3,213.60 | $3,310.01 | $3,409.31 | $3,511.59 |
| Premium Dental, Medical & Vision | $4,008.94 | $4,129.21 | $4,253.08 | $4,380.68 | $4,512.10 |
| Tax, Medicare & Social Security Deductions | $12,983.10 | $13,242.76 | $13,507.62 | $13,777.77 | $14,053.32 |
| **Franklin Medina Net W-2 Income** | **$81,887.96** | **$84,474.43** | **$87,141.09** | **$89,890.39** | **$92,724.89** |
| | | | | | |
| **Franklin Medina - Business Income** | **$14,400.00** | **$14,832.00** | **$15,276.96** | **$15,735.27** | **$16,207.33** |
| | | | | | |
| **Non Filing Spouse - Busines Income** | **$6,126.36** | **$6,248.89** | **$6,373.86** | **$6,501.34** | **$6,631.37** |
| | | | | | |
| **TOTAL HOUSEHOLD INCOME** | 113,365.78 | 117,027.78 | 120,790.02 | 124,655.45 | 128,627.09 |

[1] - Mortgage on 6609 Polk Street is paid by debtor's mother

| EXPENSES | | | | | |
|---|---|---|---|---|---|
| Primary - 191 Nimitz Road - Mortgage (Incl. T&I) | $25,860.12 | $25,860.12 | $25,860.12 | $25,860.12 | $25,860.12 |
| 191 Nimitz Road - Cure Payment | $14,462.67 | $14,462.67 | $14,462.67 | $14,462.67 | $14,462.67 |
| 191 Nimitz Rd. - Maintenance | $1,500.00 | $1,530.00 | $1,560.60 | $1,591.81 | $1,623.65 |
| 437 Hartford Road - Real Property Taxes | $2,400.00 | $2,424.00 | $2,448.24 | $2,472.72 | $2,497.45 |
| 437 Hartford Road - Cure Payment | $9,155.53 | $9,155.53 | $9,155.53 | $9,155.53 | $9,155.53 |
| 132 Locust St. - Real Property Taxes | $1,500.00 | $1515.00 | $1530.15 | $1545.45 | $1560.91 |
| 132 Locust St. - Cure Payment | $936.36 | $936.36 | $936.36 | $936.36 | $936.36 |
| Utilities | $5,880.00 | $5,997.60 | $6,117.55 | $6,239.90 | $6,364.70 |
| Internet/Phone | $3,600.00 | $3,672.00 | $3,745.44 | $3,820.35 | $3,896.76 |
| Food | $6,000.00 | $6,120.00 | $6,242.40 | $6,367.25 | $6,494.59 |
| Personal Care/Hygiene | $1,200.00 | $1,224.00 | $1,248.48 | $1,273.45 | $1,298.92 |
| Childcare & Education Costs | $2,400.00 | $2,448.00 | $2,496.96 | $2,546.90 | $2,597.84 |
| Clothing, Laundry, Dry Cleaning | $1,200.00 | $1,224.00 | $1,248.48 | $1,273.45 | $1,298.92 |
| Medical /Dental Expenses | $600.00 | $612.00 | $624.24 | $636.72 | $649.46 |
| Transportation | $4,800.00 | $4,896.00 | $4,993.92 | $5,093.80 | $5,195.67 |
| Entertainment | $3,000.00 | $3,060.00 | $3,121.20 | $3,183.62 | $3,247.30 |
| Automobile Insurance | $0.00 | $3,000.00 | $3,000.00 | $6,000.00 | $6,120.00 |
| Car Payments | $0.00 | $4,200.00 | $4,200.00 | $8,400.00 | $8,400.00 |
| IRS - Priority Tax Claim Payment | $381.60 | $381.60 | $381.60 | $381.60 | |
| IRS - Secured Claim Payment | $1,219.56 | $1,219.56 | $1,219.56 | $1,219.56 | $1,219.56 |
| NJ Div. of Taxation - Secured Claim | $2,419.56 | $2,419.56 | $2,419.56 | $2,419.56 | $2,419.56 |
| Non-Filing Spouse Debt Services & Expenses | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
| Debtor's Counsel Approved Fees | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | |
| Estimated Income Taxes | $3,802.72 | $3,945.67 | $4,091.26 | $4,239.56 | $4,390.62 |
| **TOTAL HOUSEHOLD EXPENSES** | **$106,318.12** | **$114,303.67** | **$115,104.32** | **$123,120.39** | **$113,690.58** |
| | | | | | |
| **TOTAL HOUSEHOLD INCOME** | **113,365.78** | **117,027.78** | **120,790.02** | **124,655.45** | **128,627.09** |
| **TOTAL HOUSEHOLD EXPESNES** | **$106,318.12** | **$114,303.67** | **$115,104.32** | **$123,120.39** | **$113,690.58** |
| **NET CASH FLOW** | **$7,047.66** | **$2,724.11** | **$5,685.70** | **$1,535.06** | **$14,936.50** |

**Total to be paid into Plan in 5 years:**    **$31,929.04**

[1] - Mortgage on 6609 Polk Street is paid by debtor's mother

# EXHIBIT F

## Liquidation Analysis

*Plan Proponent's Estimated Liquidation Value of Assets*

| Assets - Real Property | | | Values |
|---|---|---|---|
| 191 Nimitz Road, Paramus, NJ | | $ | 535,000.00 |
| Less: Seterus, Inc. (1st Mortgage) | | $ | 577,295.15 |
| | **Total:** | **$** | **-** |
| | | | |
| 212-214 65th Street, West New York, NJ | | $ | 397,052.00 |
| Less: US Bank Trust (1st Mortgage) | | $ | 605,024.69 |
| | **Total:** | **$** | **-** |
| | | | |
| 6609 Polk Street, West New York, NJ | | $ | 262,000.00 |
| Cost of Sale (10%) | | $ | 26,200.00 |
| | Subtotal: | $ | 235,800.00 |
| Less: Ditech, LLC. (1st Mortgage) | | $ | 250,081.91 |
| | **Total:** | **$** | **-** |
| | | | |
| 132 Locust Street, Milton, PA | | $ | 15,000.00 |
| Cost of Sale (10%) | | $ | 1,500.00 |
| | Subtotal: | $ | 13,500.00 |
| Less: Tax Claim Bureau Northumberland Cty | | $ | 3,790.22 |
| | **Total:** | **$** | **11,209.78** |
| | | | |
| 437 Hartford Road, Mount Laurel, NJ | | $ | 10,000.00 |
| Less: Mt. Laurel Office of Tax Collector | | $ | 30,626.90 |
| | Subtotal: | $ | (20,626.90) |
| | Total: | $ | |
| | | | |
| **Subtotal of Equity in Real Property** | | **$** | **11,209.78** |
| Less: IRS Secured Claim | | $ | 5,200.00 |
| Less: NJ Div. of Taxation Secured Claim | | $ | 10,346.09 |
| | Total: | $ | - |
| | | | |
| **a) Equity in Real Property** | | **$** | **-** |

| Asset - Personal Property | | | Values |
|---|---|---|---|
| Personal Property | | $ | 5,200.00 |
| Less: Exemptions | | $ | 5,200.00 |
| | Total: | $ | - |
| | | | |
| **b) Equity in Personal Property** | | **$** | **-** |
| | | | |
| ***Total Equity in Non-Exempt Assets:*** | | **$** | **-** |

| | | | |
|---|---|---|---|
| **Less:** | | | |
| Chapter 7 Trustee Fees and Expenses | | $ | 1,897.80 |
| **Less:** | | | |
| Chapter 11 Administrative Fees and Expenses | | $ | 20,000.00 |
| **Less:** | | | |
| Priority Claims - Internal Revenue Service | | $ | 1,340.40 |
| | | | |
| ***Net Available for Distribution to General Unsecured Creditors:*** | | **$** | **-** |
| | | | |
| **Amount of Undisputed Unsecured Claims:** | | **$** | **146,857.34** |
| | | | |
| ***Percentage of Claims Which Unsecured Creditors Would Receive Or Retain in a Chapter 7 Liquidation*** | | | **0%** |
| | | | |
| ***Dollar Amount Unsecured Creditors Would Receive Or Retain under the Plan*** | | | **$31,929.04*** |

*Amount based on disposable income as reflected in Projected Cash Flow Analysis - Exh. E