UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE FOR REGIONS 3 AND 9
Peter J. D'Auria, Esq. (PD 3709)
One Newark Center, Suite 2100
Newark, NJ   07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-Mail: Peter.J.D'Auria@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Franklin Medina, | Case No. 18-11629(RG) |
| Debtor. | Hearing Date: January 14, 2020 at 11:00 a.m. |

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE
TO CONFIRMATION OF THE INDIVIDUAL DEBTOR'S
CHAPTER 11 PLAN OF REORGANIZATION**

The United States Trustee ("UST"), by and through his counsel, and in furtherance of his duties pursuant to 28 U.S.C. §586(a)(3) and (5), respectfully submits this limited objection (the "Limited Objection") to confirmation of the Individual Debtor's Chapter 11 Plan of Reorganization (filed under Exhibit A at docket entry 108) (the "Plan") filed by the above-captioned debtor (the "Debtor"), and respectfully represents as follows:

**BACKGROUND**

1. On January 26, 2018 the individual Debtor filed a voluntary petition for relief under Chapter 11 of title 11, United States Code (the "Bankruptcy Code").

2. An Unsecured Creditors' Committee has not been appointed in this case.

3. On September 16, 2019, the Debtor filed the Plan.

4.  Pursuant to 11 U.S.C. §586, the UST is obligated to oversee the administration of Chapter 11 cases. Under 11 U.S.C. §307, the UST has standing to be heard on any issue in any case or proceeding under the Bankruptcy Code. Such oversight is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. See <u>United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)</u>, 33 F.2d 294, 295-96 (3d Cir. 1994) (noting that the UST has "public interest standing" under 11 U.S.C. §307 which goes beyond mere pecuniary interest); <u>Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)</u>, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

## **LIMITED OBJECTION**

*Failure to File Monthly Operating Reports:*

5.  The Debtor is not in compliance with the applicable provisions of this title as required by 11 U.S.C. § 1129(a)(2) because the Debtor has failed to timely file Monthly Operating Reports. As of the filing of this Limited Objection, the last monthly operating report filed by the Debtor is for the period August 2019 (docket entry 118); reports for the months of September, October and November 2019 are all past due. Without monthly operating reports being brought current, the Debtor's ability to perform the plan (as discussed more fully below) cannot be assessed at confirmation.

*Feasibility / Performance of the Plan Remains Unclear:*

6.  The Plan calls for the Debtor to perform a number payments to a number of classes going forward. For example, Class 11 of the Plan, consisting of unsecured creditors, calls for payments extending out for 5 years into the future.

7.  Pursuant to Section 1129(a)(11), every chapter 11 plan must be feasible in order to be confirmed.  Section 1129(a)(11) provides that the Court shall confirm a plan only if the plan is not likely to be followed by the liquidation, or the need for further financial reorganization.  The Debtor must demonstrate that the Plan has a reasonable chance of succeeding.  See, In re Greate Bay Hotel & Casino, Inc., 251 B.R 213, 226 (Bankr. D.N.J. 2000).

8.  It is respectfully asserted that, as a threshold matter, monthly operating reports need to be brought current so that the Debtor's performance in chapter 11, and ability to perform the Plan, can be assessed at confirmation.  Additionally, we further note that the Debtor is presently delinquent in payment of statutory fees required under chapter 123 of title 18 of the United States Code; estimated statutory fees in the amount of $2,930.72 (estimated due to the deficiency in filing monthly operating reports) remains outstanding as of the filing of this Limited Objection.  The Plan requires that statutory fees be paid in full on the Effective Date.  *See*, Plan, footnote 2, pg. 8.  The Debtor must demonstrate the ability to timely pay such fees before the Plan can be confirmed.

WHEREFORE, the UST respectfully requests that the Court deny confirmation of the Chapter 11 Plan as presently presented, and grant further relief as the Court may deem just and proper.

Dated: Newark, New Jersey
     January 7, 2020

Respectfully submitted,
ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 AND 9

By:    */s/ Peter J. D'Auria*
Peter J. D'Auria
Trial Attorney