**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**

**SCURA, WIGFIELD, HEYER, STEVENS & CAMMAROTA, LLP**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Telephone: 973-696-8391
Carlos D. Martinez, Esq.
cmartinez@scura.com
Counsel for Debtor

Order Filed on April 29, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

**FRANKLIN MEDINA,**
                              Debtor.

Case No. 18-11629

Chapter 11

Hon. Judge: Rosmary Gambardella

Hearing Date and Time:
May 12, 2020 at 11:00 AM

**STIPULATION AND CONSENT ORDER RESOLVING NEW YORK STATE THRUWAY AUTHORITY'S ADMINISTRATIVE CLAIM FOR POST PETITION PAYMENTS**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

**DATED: April 29, 2020**

Honorable Rosemary Gambardella
United States Bankruptcy Judge

(Page 2)

Debtor: Franklin Medina
Case No.: 18-11629
Caption of Order: STIPULATION AND CONSENT ORDER RESOLVING NEW YORK STATE THRUWAY AUTHORITY'S ADMINISTRATIVE CLAIM FOR POST-PETITION PAYMENTS

THIS MATTER having been brought by the debtor, Franklin Medina (the "Debtor"), by and through counsel, by filing his Disclosure Statement and Chapter 11 Plan of Reorganization (the "Plan") on September 16, 2019 (Docket Entry No. 108); and

WHEREAS, New York State Thruway Authority ("NYSTA") filed an administrative Proof of Claim in the Debtor's bankruptcy case for post-petition payments not being treated in the Debtor's Plan (Proof of Claim No. 14); and

WHEREAS, on March 27, 2020, NYSTA provided the Debtor and bankruptcy counsel with a schedule of the tolls and fees incurred by the Debtor post-petition and said schedule is attached hereto as **Exhibit A** (the "Administrative Claim");

**IT IS STIPULATED AND HEREBY ORDERED THAT:**

1. The Debtor acknowledges that amounts owed to NYSTA for its Administrative Claim are a true and accurate representation of the tolls and fees incurred by the Debtor post-petition.

2. The Debtor acknowledges and agrees that the Administrative Claim is an allowed administrative claim pursuant to 11 U.S.C. §503(b)(1)(A) and is entitled to priority in this case under 11 U.S.C. §507(a)(2).

3. NYSTA agrees to accept $6,000 in full satisfaction of its Administrative Claim which shall be payable over eighteen (18) months at $333.00 a month. Monthly Payments on the Administrative Claim shall commence on the first day of the month immediately following the entry of the Order Confirming the Debtor's Plan and shall continue on a like date for each consecutive month thereafter until paid in full. Checks shall be made payable to "New York State Thruway Authority" and mailed to:

    Ms. Kathleen Clark
    Office of General Counsel
    New York State Thruway Authority

2

Debtor: Franklin Medina
Case No.: 18-11629
Caption of Order: STIPULATION AND CONSENT ORDER RESOLVING NEW YORK STATE THRUWAY AUTHORITY'S ADMINISTRATIVE CLAIM FOR POST-PETITION PAYMENTS

> 200 Southern Boulevard
> Albany, NY 12209

4. Upon failure of NYSTA to receive any monthly payment by the 10th day of any month a payment is due then, in such event, the Debtor shall be deemed in default hereunder without further notice or application to the Court.

5. NYSTA reserves its right to recover any tolls and fees incurred by the Debtor after those tolls and fees identified in <u>Exhibit A</u>.

6. In the event, the Debtor fails to make payment of any future tolls and fees when due as such may accrue, then in such event the Debtor shall be in default hereunder.

7. Upon the occurrence of a default hereunder, and without further notice or application to the court, all amounts due pursuant to this stipulation, less credit for any monthly payments previously received, shall be immediately due and payable to NYSTA.

8. This Stipulation and Consent Order shall be incorporated in and become part of any Order Confirming the Debtor's Plan.

9. This Stipulation and Consent Order shall be of no force or effect unless and until it is approved by the Bankruptcy Court. When so approved, this Stipulation and Consent Order shall be binding upon the Debtor and NYSTA, as well as each of their respective successors and assigns, and all such other parties in accordance with the terms hereof.

10. This Stipulation and Consent Order may be executed in counterparts and it shall be unnecessary that the signatures of, or on behalf of, each party appear on each counterpart, all counterparts of which shall collectively constitute a single document. Any party executing by email or facsimile shall provide an original signature page to the other party within a reasonable amount of time.

(Page 4)

Debtor: Franklin Medina
Case No.: 18-11629
Caption of Order: STIPULATION AND CONSENT ORDER RESOLVING NEW YORK STATE THRUWAY AUTHORITY'S ADMINISTRATIVE CLAIM FOR POST-PETITION PAYMENTS

11. This Court shall retain exclusive jurisdiction to hear and determine any matters and disputes arising from or related to this Stipulation and Consent Order.

12. The terms and conditions of this Stipulation and Consent Order shall survive any dismissal or conversion of these bankruptcy proceedings and shall remain in full force and effect upon the occurrence of any such dismissal or conversion. The terms and provisions of this Stipulation and Consent Order are binding upon any trustee and/or committee which may be appointed in the Debtor's bankruptcy proceeding.

The undersigned consent to the form,
content, and entry of this order.

| | |
|---|---|
| SCURA, WIGFIELD, HEYER, STEVENS & CAMMAROTA, LLP | NEW YORK STATE THRUWAY AUTHORITY OFFICE OF GENERAL COUNSEL |
| By: /s/ Carlos D. Martinez<br>    Carlos D. Martinez, Esq. | By: /s/ Richard Lombardo<br>    Richard Lombardo, Esq.<br>    Chief Litigation Counsel |